# Palmer & Co. v. Scott & Co.

### *Assumpsit.*

1. *Plea of non est factum; when necessary.*—In a suit against two defendants, as late partners, on a bill of exchange, averred to have been accepted by them, as partners, in the firm name, one of the defendants, in the absence of a sworn plea denying the execution of the acceptance by him, can not defend on the ground, that the bill was accepted by the other partner, in the firm name, for his individual debt, and not for a partnership liability.

2. *What constitutes a partnership liability.*—Where one partner, as agent of a third party, collected money belonging to his principal, and commingled it with the money of the firm, and it was used by the firm in their general business, a partnership liability was thereby created, although the money was so commingled and used without the knowledge of the other partner.

3. *Partnership; authority of one partner to borrow money and bind the firm therefor.*—Mercantile partnerships are presumed to have authority to borrow money ; and each partner is presumed to have authority to sign the partnership name to paper, commercial or otherwise, in evidence or liquidation of the firm's debts.

[Palmer & Co. v. Scott & Co.]

APPEAL from Tuscaloosa Circuit Court.

Tried before Hon. WM. S. MUDD.

This action was brought by the appellants against David M. Scott and John W. McConnell, "late copartners in trade, under the firm name and style of D. M. Scott & Co.," and was commenced on the 9th April, 1877. The cause of action declared on is "a certain order or draft, dated and drawn December 30th, 1876, by D. M. Scott, Agt. on, and accepted by said defendants, D. M. Scott & Co. on the same day, and payable to Messrs. J. E. Johnston & Co. and by them assigned to the plaintiffs." The common counts for money loaned, and for money had and received, are added. A judgment by default was rendered against Scott, but McConnell appeared and defended. His pleas, however, are not disclosed by the record. It appears from the evidence, that the defendants were partners, and, as such, engaged in, and carried on a general clothing and furnishing business in the city of Tuscaloosa, under the firm name of D. M. Scott & Co., from November, 1872, until February, 1877 ; that on the 30th December, 1876, Scott was, and had been for several years prior thereto, the agent of the Home Insurance Company ; that on the day last named, he, as " agent," drew the draft sued on, and, on the same day, accepted it in the name of the firm,—the draft being payable on 6th January, 1877, to Messrs. J. E. Johnston & Co., who were then the "general agents" of the insurance company ; and that " the draft was given for a certain amount of money collected by Scott for premiums due " the company. It was further shown, that the money or premiums for which the draft was given, had been deposited by Scott in the money-drawer of the firm, and had gone into their bank account, which they kept with one or more banks in the city, and had been used by the firm in their general business ; that " the commingling of said insurance money with the funds of said copartnership was without the knowledge or consent of the defendant McConnell "; and that the plaintiffs purchased the draft, for full value, and the same was transferred to them, after its maturity.

The foregoing being substantially all the evidence, the court charged the jury, that " if they should believe from the evidence, that D. M. Scott was individually, at the date said bill was drawn, an agent for the said Home Insurance Company, and also a member of said copartnership of D. M. Scott & Co., and that he mingled the funds of said Insurance Company with the funds of said copartnership, and that the same were used in their general business ; yet no recovery can be had by the plaintiffs in this action against the de-

fendant McConnell, unless he knew of, or consented to such commingling of funds, or the giving of said draft." To the giving of this charge the appellants excepted. The appellants then asked the court in writing to give this charge : " If the jury believe from the evidence, that D. M. Scott was a member of the firm of D. M. Scott & Co. and also agent of the Home Insurance Company, and deposited the trust funds of said company among the funds of said copartnership, and they were used by them, the said firm might be liable in this action, although the defendant McConnell may not have given his consent to such use of said funds." The court refused to give this charge, and the appellants excepted. A judgment was rendered on verdict for McConnell, from which this appeal was taken. The rulings of the Circuit Court above noted are here assigned as error.

(Note by the reporter : This cause was decided at the December Term, 1879, but, by omission, was not reported with the decisions of that term.)

H. M. SOMERVILLE, for appellant, cited *Richardson v. French*, 4 Metc. (Mass.) 577 ; Parsons on Part. (3d Ed.) 155 and note; *Floyd v. Wallace*, 31 Ga. 688.

HARGROVE & LEWIS, *contra.*    (No brief came to the reporter's hands.)

STONE, J.—The present case has been argued as if the plea of *non est factum* had been interposed by McConnell. We find no plea of any kind in the record. This, itself, secures a reversal of this case ; for in the absence of a sworn plea, denying the execution of the acceptance of the order by McConnell, the character of defense relied on by him can not be made.—Code of 1876, § 3036. We suppose, however, that such plea had been interposed, and that by an oversight, it has been omitted from the record. We will consider the defense relied on, on the hypothesis that McConnell had put in a sworn plea, denying the execution of the acceptance by him.

The testimony shows, that the money sued for went into the business, and was used by the firm of D. M. Scott & Co., a mercantile partnership, and there is no proof that it was ever accounted for, or paid to the owner. This was money which, *ex œquo et bono*, belonged to the insurance company. The mercantile firm had no right to, or interest in it. It was money had and received by the mercantile partnership for the use of the rightful owner, the insurance company. This created a legal liability on the partnership, whether McCon-

[Wilson v. Glenn.]

nell knew it or not. He can not retain the money, which went into, and was used by the firm, and refuse to account for it, on the ground that he was not informed of its use. *Hogan & Co. v. Reynolds*, 8 Ala. 59, and authorities on the briefs of counsel. Mercantile partnerships are presumed to have authority to borrow money, and each partner is presumed to have authority to sign the partnership name to paper, commercial or otherwise, in evidence or liquidation of the firm's debts.—*Richardson v. French*, 4 Metc. (Mass.) 577 ; Coll. on Part. (6th Ed.), § 412. The Circuit Court erred both in the charge given and in the charge refused.

Reversed and remanded.

SOMERVILLE, J., *not sitting*.