# St. Louis & Tennessee River Packet Co. v. McPeters.

124  451
126  597

124  451
132  248

## *Action on Account.*

1. *Pleas; defendant may file as many·as he desires.*—A defendant may by separate pleas make as many defenses as he desires, each plea being consistent with itself, whether his pleas are repugnant to or inconsistent with each other or not.
2. *Set-off; admits contract.*—Where in an action on a contract the defendant pleads set-off, he thereby admits the validity of plaintiff's contract.·
3. *Same; when allowed.*—In order to sustain a set-off under the statute the debts must be mutual, and the demands must be subsisting causes of action, such as will give to plaintiff and defendant a simultaneous cause of action, the one against the other, at the time the suit is brought. There can be no set-off when the plaintiff has no cause of action.
4. *Same.*—A set-off is a counter-demand growing out of an independent transaction, liquidated or.unliquidated, subsisting be-

[St. Louis & Tennessee River Packet Co. v. McPeters.]

tween the parties at the commencement of the suit and not sounding in damages merely; a payment is, by consent of the parties, either express or implied, appropriated to the discharge of a debt. A debt that has been paid is not subject, therefore, to set-off in an action at law; it is only to such a debt as is confessed as existing it may be interposed.

5. *Same.*—An incorporated company brought suit on account against the surviving partner of a firm to recover money alleged to have been collected by the firm for and on account of the company, or which was collected on like account by the deceased member of the firm and used by the firm. The defendant denied by plea that the firm had collected money for the plaintiff or that it had received money of the plaintiff from the deceased partner; but also pleaded as off-set to plaintiff's demand certain checks which had been drawn on the firm by the deceased partner in favor of the company and paid by the firm. *Held*, 1. That if the deceased partner had used the assets of the firm to pay his individual debt, the surviving partner could sue for the whole amount so used, but could not seek to use a portion of the assets so misappropriated to set off a demand claimed against the partnership for which, he contended, the partnership was in no wise responsible. 2. That if the plaintiff could recover of the partnership at all, it was entitled to a recovery for the whole amount collected or used by the partnership, which had not been accounted for. 3. The plea of off-set could not be maintained under any phase of the case.

6. *Firm; when liable for money collected by one partner as agent of another.*—If the firm was the agent of plaintiff charged with the duty of collecting and remitting freight bills, proof of that fact together with evidence of the correctness of the account, would be sufficient to recover from the defendant the amount remaining unpaid; but if the defendant's liability rested alone upon the receipt of the money from the deceased partner as plaintiff's agent, mere proof of the correctness of the account would not be sufficient. It would, in that case, have to be shown that the accounts of the plaintiff were actually collected, that the proceeds were turned over to the firm or commingled with its funds, and that the same have not been accounted for.

7. *Agency and partnership; not established by general reputation.* Agency and partnership are facts to which a witness may testify, when he has knowledge of their existence, but neither can be established by general reputation, or on hearsay evidence.

8. *Evidence; what may be proved as impeaching.*—The proper pre-

dicate having been laid, it was competent in a case where an incorporated company sued the surviving partner of a firm .for money received 'to its use, to prove that a witness had stated that the deceased partner had misused the firm's money in his steamboat business, as such proof tended to impeach his testimony that the firm was plaintiff's agent and not the deceased partner alone.

9. *Same; what is hearsay and opinion.*—A witness who has no personal knowledge of the correctness of an account, should not be allowed to testify to its correctness; and to allow the understandings and presumptions of a witness clearly violates the rule against hearsay and opinion evidence.

APPEAL from Lauderdale Circuit Court.

Tried before Hon. H .C. SPEAKE.

Action by appellant against the appellee. ·

The facts are sufficiently stated in the opinion. Judgment for defendant.

EMMET O'NEAL, for appellant, cited, *Palmer v. Scott & Co.,* 68 Ala. 380; *State v. Jones,* 11 So. Rep. 596; *Jones v. State,* 65 Miss. 179; *Phoenix Ins. Co. v. Copeland,* 86 Ala. 551; *Hunsey v. State,* 87 Ala. 121; *Ansley v. Bank,* 113 Ala. 467.

SIMPSON & JONES, *contra,* cited, *Pierce & Baldwin v. Pass & Co.,* 1 Port. 232; *Cannon v. Lindsay,* 85 Ala. 198; 5 Ala. 111; 87 Ala. 568; *Wolf v. State,* 79 Ala. 201.

HARALSON, J.—This action is on the common counts by the appellant company, against the defendant, James McPeters, as the surviving partner of James Mc-Peters & Co., a firm composed of defendant and James Hancock, deceased. The plaintiff seeks a recovery upon proof of one of two theories. By the first it is claimed, that the defendant's firm was the plaintiff's agent at Florence, Alabama, and as such agent, was charged with the duty of collecting bills for freight due the plaintiff, as a common carrier upon the Tennessee river, and remitting the same to plaintiff at St. Louis, Mo., where the company had its place of business. In the second place, it is contended by plaintiff, that if the defendant's firm did not act as plaintiff's agent, James Hancock, the

deceased member of the firm did, and as such agent, collected the money belonging to the plaintiff, commingled the same with the money of the partnership, and allowed the partnership to use it, without accounting therefor.

The defendant attempts to set-off against this claim, the amount of certain checks, drawn by Hancock in the firm name of J. McPeters & Co. on a bank in Florence, Alabama, payable to Jno. E. Massengale, who was the traffic manager of the plaintiff company in St. Louis, for the freight bills of that company collected by said Hancock on parties to whom goods were consigned in Florence, which checks were all duly paid to the company, and this, upon the theory, that Hancock was alone the plaintiff's agent, and had used the partnership assets to discharge his individual liability. These checks, —23 in number,—aggregated something over $3,200. This suit was for $700, the alleged balance due on account, by the defendant as surviving partner of J. McPeters & Co. for the freight bills collected after giving credit for these several checks. A verdict was rendered for the defendant on the plea of set-off for the sum of $440.25.

There was a demurrer by the plaintiff to the plea of set-off, and demurrers by defendant were also interposed to a number of replications interposed by plaintiff to the plea of set-off; but the judgment entry fails properly to show a decision of the court upon either the demurrer to the plea or the demurrers to the replications.—*Jasper Mer. Co. v. O'Rear,* 112 Ala. 247; *Bell v. Otts,* 101 Ala. 186; *McDonald v. A. M. R. Co.,* 26 So. Rep. 165.

There are numerous assignments of error, but as the cause must be reversed, under the view we take of it, we will content ourselves by simply announcing the principles determining the rights of the parties, for the guidance of the court on another trial.

If the plaintiff is entitled to recover at all, it is either because the defendant's firm was the agent of the plaintiff, or not being its agent, and Hancock was, it received from him and had the use of the plaintiff's funds and now withholds the same. If either of these theories be true, it is manifest, that whatever payments the plaintiff received by means of the checks of the defendant's part-

nership, drawn by either partner, were entirely proper, since in either case, the firm was liable for the same, and either partner was authorized to discharge the liability with partnership funds. It is equally clear, that if the defendant's firm was not liable upon either of the theories above stated, there were no mutual debts or demands subsisting between the parties, which could be the proper subject of set-off under our statute.—Code, § 3728. The defendant bases his right of set-off upon the contention, that the assets of the firm of J. McPeters & Co. were used to discharge a debt due, individually, by one of the partners of that firm to the plaintiff. It is true a defendant may by separate pleas, make as many defenses as he desires, each plea being consistent with itself, whether his pleas are repugnant to, or inconsistent with each other or not. It is also well understood, that when in an action on a contract the defendant pleads set-off, he thereby admits the validity of plaintiff's contract. Such a plea "confesses the debt sued on, but says the plaintiff ought not to have judgment therefor because he owes the defendant a debt, which the latter elects and offers to set-off against the claim in suit." *Ansley v. Bank of Piedmont,* 113 Ala. 467; *Gisham v. Bodman,* 111 Ala. 194, 200. It will be observed, that the contention of defendant upon which he bases his right of set-off,—that the assets of the firm of McPeters & Co. were used by Hancock, one of its members, to discharge an individual debt of his, and not a debt of his firm,—absolutely negatives any liability whatever of said firm to the plaintiff, notwithstanding the plea of set-off admits the plaintiff's claim. Without reference to the mere forms of pleading and the consistency and inconsistency of different pleas with each other, which the defendant may interpose, still having regard to the merits of defendant's real defense sought to be made, by his plea of set-off, it remains true that, in order to sustain a set-off under the statute the debts must be mutual, and the demands must be subsisting causes of action, such as will give to the plaintiff and defendant a simultaneous cause of action, the one against the other, at the time the suit is brought.—*Laughton v. Ricketts,* 104 Ala. 430; Waterman on Set-off, § 25. There can be no set-off when

the plaintiff has no cause of action.—*Claridge v. Klett,* 15 Pa. St. 255; *E. T. & V. R. R. Co. v. Galbraith,* 1 Heisk. (Tenn.) 482; *Libbey v. Hopkins,* 104 U. S. 303.

To show that the plea of set-off cannot be sustained in this case, let it be supposed the plaintiff had sued for the whole amount collected for it, instead of for the balance due after deducting the amount received from the checks of the defendant's firm, is it not clear that the plea of set-off would be unavailing, though payment might be pleaded; and in the absence of any other defense, under the plea of payment, that the plaintiff would recover the difference between the account sued for and the sums paid on it? A set-off, as it has been well defined, is a counter demand, growing out of an independent transaction, liquidated or unliquidated,—not sounding in damages merely,—subsisting between the parties at the commencement of the suit.—*Lawton v. Ricketts,* 104 Ala. 431. The distinction between payment and set-off, has been expressed thus: "A payment is, by consent of the parties, either express or implied, appropriated to the discharge of a debt."—Waterman on Set-off, p. 8. A debt that has been paid is not subject, therefore, to set-off in an action at law. It is only to such a debt as is confessed as existing, may it be interposed.—*Authorities supra; Jones v. Blair,* 57 Ala. 457. If the defendant is entitled to recover of the plaintiff the amount of the partnership assets used by one partner to pay his individual debts, he should recover the whole sum, and not seek to use a portion of the assets so misappropriated,— to set-off a demand claimed against the partnership for which, according to his contention, the partnership is in nowise responsible. On the other hand, if the plaintiff can recover of the partnership at all, it is entitled to a recovery for the whole amount collected or used by the partnership, which has not been accounted for. We are unable to see, that the plea of set-off can be sustained under any phase of the case.

Of course, if the partnership was the agent of the plaintiff, there can be no doubt of its liability. But, if Hancock alone was the agent, in order to fix a liability upon the partnership, it would be necessary to show that it received and used the plaintiff's funds, for which it

[St. Louis & Tennessee River Packet Co. v. McPeters.]

has not accounted, and for which an action for money had and received can well be maintained against it.—*Palmer v. Scott*, 68 Ala. 380. If the firm was the agent of plaintiff, charged with the duty of collecting and remitting its freight bills, proof of that fact, together with evidence of the correctness of the account, would be sufficient to recover from the defendant the amount remaining unpaid. But if his liability is rested alone upon the receipt of the money from Hancock as plaintiff's agent, mere proof of the correctness of the account would not be sufficient. It would, in that case, have to be shown that the accounts of the plaintiff were actually collected; that the proceeds were turned over to the firm or commingled with its funds and that the same have not been accounted for.—*Palmer v. Scott, supra; Edwards v. Parker*, 88 Ala. 356.

Agency and partnership are facts to which a witness may testify, when he has knowledge of their existence, but neither can be established by general reputation, or on hearsay evidence, as was allowed in this case.—*C. R. & B. Co. v. Smith*, 76 Ala. 572; *First Nat. Bank of Tuscaloosa v. Leland*, 25 So. Rep. 195.

It was entirely competent, a proper predicate having been laid, to prove that the witness, McCorley, had previously stated that Hancock, the deceased partner, had misused the firm's money in his steamboat business, as such proof tended to impeach his testimony, that the firm, and not Hancock alone, was plaintiff's agent.

A witness who has no personal knowledge of the correctness of an account, should not be allowed to testify as was done here, to its correctness; and to allow the understandings and presumptions of a witness clearly violates the rule against hearsay and opinion evidence.

The remaining errors assigned have reference more particularly to the plea of set-off, and as they will not likely arise on another trial, in the shape here presented, it will subserve no useful purpose to consider them.

Several rulings of the court were at variance with the principles we have announced, and its judgment must be reversed and the cause remanded.

Reversed and remanded.