# Southern Railway Co. *v.* Yancey.

*Action against a Railway Company for Personal Injury.*

1. *Action for negligence; when count of complaint is in trespass.* In an action against a railroad company to recover damages for personal injuries caused by being run over by an engine of defendant, a count of complaint which avers that the "defendant willfully, wantonly and recklessly ran one of its said locomotive engines which it was then and there running and operating * * * upon and against the plaintiff," inflicting the injuries complained of, states a cause of action in trespass, and not in case; and such complaint is not supported by evidence showing that the injury complained of was inflicted by the servants or employees of the defendant in charge of the locomotive.

2. *Action for willful injury or wanton acts; contributory negligence no defense.*—In an action to recover damages for personal injuries, to the counts which aver that the injuries were caused by the willful or wanton acts of the defendant's agents, servants or employees, contributory negligence presents no defense.

3. *Pleading and practice; when ruling upon charges not reviewed on appeal.*—Although charges may be set out in the record, if they are not copied into and made a part of the bill of exceptions, the ruling of the court in refusing to give such charges will not be reviewed on appeal.

APPEAL from the City Court of Birmingham.

Tried before the Hon. WM. W. WILKERSON.

This action was brought by the appellee, W. A. Yancey, against the appellant, the Southern Railway Company, and sought to recover damages for personal injuries sustained by the plaintiff by reason of being run over by a locomotive engine operated by the defendant on its railroad.

The complaint, as amended, contained thirteen (13) counts. A demurrer was sustained to the second count, and after the introduction of all the evidence, the court at the written request of the defendant, gave the general affirmative charge in its favor, as to counts 3, 4, 5, 6, 7, 8 and 9. Therefore, the cause was submitted to the jury only upon counts 1, 10, 11, 12 and 13.

The first count of the complaint was in words and figures as follows:

"First Count: The plaintiff claims of the defendant, a corporation, the sum of twenty thousand dollars as damages for that heretofore, to-wit, on the 7th day of June, 1896, the defendant was operating a railroad and running trains and locomotive engines thereon propelled by steam power, among other places, to, in and through the town of Oakman in Walker County, Alabama, and that on said day, the said defendant willfully, wantonly and recklessly ran one of its said locomotive engines which it was then and there running and operating along over and upon its said railroad, upon and against the plaintiff, breaking his left leg, bruising and lacerating his flesh, breaking his ribs, perforating his lungs and otherwise permanently injuring him, and he was thereby made to suffer great physical and mental pain, and rendered permanently less able to earn or provide a sustenance for himself and his family; and plaintiff avers that, by reason of said injuries, he was prevented from performing work or labor of any kind for

a long time, his physical stamina was greatly and permanently impaired, and he was made to expend large sums of money and to incur great indebtedness and expense in an effort to preserve and save his life and effect his cure; and to his damage aforesaid. Wherefore he sues."

The 11th count, as far as is necessary to be here set out, were in words and figures as follows:

"11th Count: The plaintiff claims of the defendant, a corporation, engaged in the business of a common carrier of freight and passengers for hire and reward, the sum of twenty thousand dollars as damages for that heretofore, to-wit, on the 7th day of June, 1896, the plaintiff was passing along and upon the defendant's railroad track within the corporate limits of the town of Oakman in Walker County, Alabama, proceeding from Coal Valley in said County to the defendant's depot or stopping place for its trains within said town of Oakman, for the purpose of becoming a passenger upon the defendant's east-bound passenger train then soon to be due; and plaintiff avers that when he was at a point upon the defendant's said railroad track within the corporate limits of said town of Oakman about seventy-five yards west of the defendant's depot or stopping place for its said trains in said town, as aforesaid, and while proceeding along said track to the defendant's said depot or stopping place for its said trains, as aforesaid, he was run upon and against by one of the defendant's locomotive engines which approached him from the rear, whereby the plaintiff sustained the damage and injuries enumerated and mentioned in the first, second, third, fourth, fifth and sixth counts of the original complaint in this cause. And the plaintiff avers that his said injuries were caused by reason of the willful or wanton misconduct of the defendant, its servants, agents and employees upon said locomotive engine and train in this:" &c.

The 10th, 12th, and 13th counts of the complaint sought to recover damages for the willful or wanton acts of the servants or agents of the defendant; but it is not necessary to set these counts out at length. The defendant pleaded the general issue, and by several spe-

cial pleas set up the contributory negligence of the plaintiff. The evidence introduced by the plaintiff tended to show negligence on the part of the servants or employees of the defendant. There were verdict and judgment for the plaintiff, assessing his damages at two thousand dollars. The defendant appeals, and assigns as error the several rulings of the trial court, to which exceptions were reserved. There was also a cross appeal on the part of the plaintiff, but under the opinion it is not necessary to make a further statement in reference thereto.

SMITH & WEATHERLY, for appellant.

JOHN F. MARTIN and J. T. GLOVER, contra.

TYSON, J.—Counts one and eleven of the complaint are in trespass and not in case. They count upon the willful and wanton act of defendant corporation, and not upon the wrongs committed by its servants. Their averments are not supported by evidence showing that the injury complained of was inflicted by the servants of defendant in charge of the train that struck plaintiff, even if it be assumed that their acts were willful or wanton.

Written charges requested by defendant that the jury cannot find a verdict for plaintiff under these counts should, therefore, have been given.—*Sou. Bell Tel. Co. v. Francis,* 109 Ala. 224; *City Delivery Co. v. Henry,* 34 So. Rep. 389.

Counts 10, 12 and 13 each count upon the willful or wanton acts of the agents or servants of defendant, as distinguished from defendant's acts, and are, therefore, in case. Cases cited *supra.* Contributory negligence is obviously no defense to these counts. And if relied upon as a defense should be eliminated by demurrer.

There are also errors assigned by plaintiff as upon a cross appeal. These assignments are predicated solely upon the refusal of certain written charges, requested by him. These charges, while shown by the record, do not appear in the bill of exceptions; the action of the court

in refusing them cannot be reviewed.—*Alabama Construction Co. v. Wagon,* 137 Ala. 388.

It follows, therefore, that plaintiff takes nothing by his appeal.

Reversed and remanded.