# Alabama Great Southern Railroad Co. *v.* Gewin, *et al.*

*Damage to Freight in Transit.*

(Decided May 16, 1912.  Rehearing denied May 28, 1912.
59 South. 553.)

1. *Carriers; Freight; Continuance of Responsibility.*—Responsibility of a carrier as regards injury to a shipment of horses continues until delivery, actual or constructive, of the car to the consignees, or until they have had a reasonable time, after the knowledge or notice of the arrival to call for and receive the horses, and

[Alabama Great Southern Railroad Co. v. Gewin, et al.]

is not terminated by arrival at destination of the car containing them, or by placing the car on the sidetrack there.

2. *Same; Responsibility; Burden of Proof.*—Where injury to a horse while in the custody of a carrier has been shown, the burden shifted to the carrier to show that it happened without its fault, or under such circumstances as exempted it from liability under a valid provision of the contract of shipment.

3. *Same; Time of Injury; Evidence.*—The opinion of one competent to give it that a wound on a horse's head was inflicted eight or ten hours before the arrival of the train at G. was relevant on the issue of the time of the injury, if the defendant's liability as a carrier had not terminated; there being evidence that such liability continued up to eight hours before such arrival.

4. *Same; Instructions.*—In the absence of uncontradicted evidence as to how the injury was inflicted, and there being some evidence that the animal was injured while the defendant carrier was still liable for it, the carrier was not entitled to the general charge.

5. *Same; Responsibility; Instruction.*—Where the action was against a carrier for injury to one of a shipment of horses, the defendant was not entitled to an instruction to find for it, if the animal was injured after one of the consignees first saw it, as it ignores the proposition that the carrier's liability was not terminated as soon as one of the consignees saw the animal after their arrival at destination, before they had a reasonable time after knowledge or notice of the arrival to call for and take charge of them.

6. *Same.*—A charge asserting that the jury should find for the carrier if it delivered the live stock on its sidetrack at 2:30 A. M., in good condition, and thereafter did not touch the car, and the injury occurred eight or ten hours before 1:30 P. M., of the same day, was properly refused as requiring a verdict for the carrier, though the jury should find from the evidence that the injury occurred before the termination of the carriers responsibility as such carrier, and that there was no explanation as to how the injury was inflicted.

7. *Same.*—A charge directing a verdict for the carrier if the jury found from the evidence that the injury was inflicted on one of a shipment of horses, on account of the viciousness of any other one, was properly refused, since the stipulation pleaded as a defense, relieving the carrier from liability from an injury so occurring, was only in case of its happening without fault or negligence on the part of the carrier.

8. *Same.*—Where the contract of shipment exempted the carrier from liability only in case of injury, through any of the animals being vicious, wild, unruly or weak, a charge to find a verdict for the carrier in the event the jury found, the injury to one of the shipment of horses to have been inflicted by some of the others without fault on part of the carrier, was properly refused.

9. *Charge of Court; Assuming Facts.*—Where the defendant was a party as a connecting carrier to a contract of a shipment of horses consigned to Akron, on plaintiff's railroad, and the defendant delivered the car to another railroad authorized by plaintiff to receive

[Alabama Great Southern Railroad Co. v. Gewin, et al.]

it there, under a separate contract for its carriage to point of destination on such other road, a charge asserting that the law presumes the injury was received while the animal was in possession of the latter company, improperly assumes that the latter company was the delivering company under the contract of shipment, to which the defendant was a party.

10. *Same; Covered by Those Given.*—The court will not be put in error for refusing requested instructions which are substantially covered by requested instructions given.

12. *Evidence; Expert and Opinion.*—Where a proper preliminary showing has been made of the expertness of a witness on the subject to which the inquiry relates, a question to such witness on such a subject is not objectionable as calling for an opinion.

12. *Same; Opinion; Facts in Issue.*—A question as to how long a wound on a horse's head was, in the opinion of the witness, inflicted before he saw it, is not open to the objection as calling for an opinion, on the fact in issue, whether the animal was injured while in the possession of the defendant as a carrier.

APPEAL from Hale Law and Equity Court.

Heard before Hon. E. A. TUTWILER, Special Judge.

Action by C. C. Gewin & Son, against the Alabama Great Southern Railway Company, for damages for injuries to stock in transit. Judgment for plaintiff and defendant appeals. Affirmed.

The following are the charges noted in the opinion: (6) "If you believe from the evidence that the animal mentioned in the complaint was injured while in the possession of the defendant, but after it had reached Akron, and after the plaintiffs had notice of its arrival there and had had a reasonable time for its removal, you must return a verdict for the defendant." A1. "If you believe from the evidence that the animal mentioned in the complaint died from injuries inflicted by other animals in the car and without fault on the part of the defendant, you should find for defendant, whether the animal was in the possession of the defendant or not." B. "If you believe that the animal mentioned in the complaint received its injury after Gewin first saw it, at about 6 or 7 o'clock in the morning of the day the animal died, you must find a ver-

dict for the defendant." F. "If you believe from the evidence that the defendant delivered the stock on its side track at about 2:30 in the morning in good condition, and thereafter the defendant did not, by its agents, servants, or employees, again touch said car, and that the injury complained of occurred 8 or 10 hours before 1:30 of that afternoon, you must return a verdict for the defendant." G. "If the injury complained of occurred from the inherent viciousness of the animals in said car, or one of them, you must return a verdict for the defendant. But before you can return such a verdict for such cause, you must believe that the injury occurred from such cause. It is not necessary for the defendant to prove by direct testimony that the injury occurred from such cause. It is sufficient to prove it by circumstantial evidence, such as that it could not have occurred from any other cause. A. "If you believe from the evidence that the injuries complained of. were inflicted on the mare mentioned in the complaint by some of the other animals which were in the car, or by the animal on itself without the negligence of the defendant, you must return a verdict for the defendant." (8) "The law presumes that the injury complained of was received by the animal mentioned in the complaint while it was in the possession of the Southern Railway, and this presumption of law goes to you as a matter of evidence, and requires you to return a verdict for the defendant, unless the proof in the case establishes it to your reasonable satisfaction that the injuries complained of were inflicted while the animal was in the possession of the defendant."

R. B. Evins, for appellant. The court erred in permitting Gewin to testify as to the age of the wound, as the question calls for a mere opinion.—*Bennett v. The State,*

52 Ala. 370; *Williams v. The State,* 17 SW. 1017; *L. & N. v. Landrum,* 135 Ala. 511; 5 Enc. of Evid. 529, 662 and note. The appellant was entitled to have charge 1 given to the jury.—*So. Ex. Co. v. Holland,* 109 Ala. 362. Charge A-1 should have been given.—*S. & N. Ala. v. Henline,* 52 Ala. 606; *E. T. V. & G. v. Johnson,* 75 Ala. 596; *Harwell's case,* 91 Ala. 340; *Trousdale's case,* 99 Ala. 389. On the authorities cited to charge 1, charge F should have been given. On the authorities cited to charge A-1 charge G should have been given. In his application for rehearing appellant insists that the court was in error in declaring charge G an improper charge, and in addition to the authorities cited in the original brief, he cites.—*Curry v. So. Ry.,* 45 South. 447, and 52 Atl. 113. He also insists that the court was in error in permitting witness to state, in his opinion, when the injury was inflicted, as it bore directly on the issue of fact of the termination, or not, of the liability of the defendant as a common carrier.—*Tullis v. Kidd,* 12 Ala. 648; *Bennett v. State, supra; Williams v. The State,* 30 Tex. Cr. App. 447; *McKee v. The State,* 82 Ala. 38.

THOMAS E. KNIGHT, for appellee. The injury having been shown while in the custody of the carrier, the burden shifted to the carrier to show that it happened without fault on its part, or that it was exempt by reason of some stipulation in the contract of shipment.—*Wes. Ry. v. Harwell,* 91 Ala. 340; *L. & N. v. Parker,* 123 Ala. 163. What was a reasonable length of time is a question for the court.—104 Ala. 390; 128 Ala. 167. Counsel criticise authorities cited by appellant, and insist they are not applicable to the points to which cited.

WALKER, P. J.—This was an action by the appellees to recover damages for injuries to one of a car load

of horses resulting in its death, which injuries were averred to have been sustained while the horse was in the possession of the appellant (defendant below) as a common carrier. The horses were shipped from East St. Louis, Ill., consigned to the plaintiffs at Akron, Ala., a station on the defendant's road under a contract made with the Louisville & Nashville Railroad Company, the initial carrier. They were delivered to the defendant, a connecting carrier, at Birmingham, Ala., in apparently good condition, and were by it carried to Akron, reaching that place between 2:30 and 3 o'clock a. m. on the 17th day of February; the car containing them being detached from the train and left on the defendant's side track at that place. One of the plaintiffs saw the horses in the car between 6 and 7 o'clock that morning, but his inspection of them was such as could be made from the outside of the car by one looking through the spaces between the slats by which it was enclosed. The car was not opened at that place, but was reshipped by the plaintiffs over the Southern Railway to Greensboro, leaving Akron at about 12:30 p. m., and arriving at Greensboro at 1:30 p. m. of the same day. When the animals were unloaded on their arrival at the latter place, the one in question, a mare, was found to have received a long cut over its eye and to have been considerably bruised about the hips, from which injuries it died in a short time thereafter.

The responsibility of the defendant as a common carrier was not terminated by the arrival of the car containing the horses at Akron, nor by the placing of it on the side track at that place, but contined until the delivery, actual or constructive, of the car to the consignees or their agent, or until they had had a reasonable time, after knowledge or notice of the arrival of the horses, to call for and receive them.—Moore on Carriers, 147.

Upon the plaintiffs showing that the mare was injured while it was in the custody of the defendant as a common carrier, the burden is put upon the defendant to show that the injury happened without fault on its part, or under circumstances in which, under a valid provision of the contract of shipment, it was exempted from liability.—*Western Railway Co. v. Harwell,* 91 Ala. 340, 8 South. 649; *Nashville, Chattanooga & St. Louis Ry. v. Parker & Co.,* 123 Ala. 683, 692, 27 South. 323.

The plaintiffs undertook to prove that the injury to which the death of the mare was attributable occurred while it was still in the custody of the defendant as a common carrier, and for this purpose examined a witness who was shown to be qualified by actual experience and long observation to form an opinion of some probative value, based upon the appearance of a wound on a horse and of the blood found about it, as to the length of time such wound had been inflicted before it was observed by the witness. The witness was asked the question, "How long, in your opinion, had that wound been inflicted on the mare's head, from the appearance of the blood around the wound?" The question was objected to on a number of grounds. It was not subject to objection because of its calling for the opinion of the witness. A proper preliminary showing was made to the court to warrant it in permitting the witness to be examined as an expert on the subject in reference to which his opinion was called for.—Jones on Evidence, § 368; Code, § 4011. Nor was the question subject to objection which was passed on in the case of *Louisville & Nashville R. Co. v. Landers,* 135 Ala. 504, 511, 33 South. 482, that it called for the opinion of the witness as to a fact in issue. The question called for the opinion of the witness, not upon the fact in issue of the animal having been hurt

while it was in the custody of the defendant as a common carrier, but upon the question as to how long the wound had been inflicted before it was discovered upon the arrival of the animal at Greensboro. The court did not err is overruling the objection to the question.

The answer of the witness to the question was: "In my opinion, from the appearance of the blood around the wound on the mare's head, it had been inflicted 8 or 10 hours before the arrival of the train at Greensboro." The motion of the defendant to exclude this answer was properly overruled. The suggestion made in the argument of the counsel for the appellant that the answer should have been excluded as irrelevant cannot be sustained. The testimony was relevant as having some tendency to prove that the injury was inflicted at a time when the defendant's liability as a common carrier had not terminated. There was evidence tending to show that the defendant had continued liable as a common carrier up to within 8 hours preceding the time of the arrival of the animal at Greensboro.

It follows from what already has been said as to the tendency of the evidence to prove that the animal received the injury from which it died at a time when the defendant was still liable for it as a common carrier, and from the absence of uncontradicted evidence showing how that injury was inflicted, that the defendant was not entitled to the general affirmative charge requested in its behalf.

The defendant could not have been prejudiced by the refusal of the court to give written charge 6 requested by it, as substantially the same proposition which that charge embodied was asserted in written charge E, which was given at its request. For a like reason the refusal to give charge A1 cannot be complained of, as the de-

fendant, under charge 7 given at its request, had the benefit of the proposition stated in it.

Charge B ignored the proposition that the defendant's liability as a common carrier was not terminated as soon as one of the consignees saw the animals after their arrival at the point of destination, before they had a reasonable time, after knowledge or notice of their arrival, to call for and take charge of them.

Charge F was properly refused, because under it the jury would have been required to return a verdict for the defendant, though they found from the evidence that the injury to the animal was inflicted before the liability of the defendant as a common carrier had terminated, and that there was no explanation as to how the injury was inflicted.

The court was justified in refusing to give charge G because of its failure to hpyothesize the defendant's freedom from fault in reference to the injury of the animal in the manner hypothesized in that charge. Under the stipulation in the shipping contract which was set up in the defendant's plea 2, the carrier was relieved of liability for an injury so caused only in the event of its so happening "without fault or negligence" on its part. For a like reason the refusal to give charge A may be justified because of its failure to hypothesize that the injury was inflicted upon the animal in question in consequence of any of the animals in the car "being vicious, wild, unruly, or weak," as alleged in the plea setting up an exemption from liability in such an event.

Charge 8, refused to the defendant, improperly assumed that the Southern Railway Company was the delivering carrier under the contract of shipment to which the defendant became a party by accepting the car load of horses for carriage to the point of destina-

tion on its line which was named in that contract. The delivery of the animal in an injured condition at that point of destination cast on the defendant the burden of proving that the cause of the injury was one for which, under the terms of the contract, it was not liable, though the delivery was made to the Southern Railway Company, authorized by the plaintiffs to receive the car at Akron under a separate contract for its carriage from that place to Greensboro.—Moore on Carriers, 532.

We discover in the record no error of which the appellant can complain.

Affirmed.

DE GRAFFENRIED, J., not sitting.

On Application for Rehearing.

WALKER, P. J.—It is earnestly insisted by the counsel for the appellant, in the brief filed in support of the application for rehearing, that charge G requested by the defendant was not subject to the criticism of it made in the foregoing opinion. It is contended that that charge so states the hypothesis that the injury complained of was attributable to another cause as to exclude negligence or fault on the part of the defendant in reference to the matter. The claim, in effect, is that the charge as it was written would have meant the same thing if its first sentence, instead of reading as it does, had read as follows: "If the injury occurred from the inherent viciousness of the animals in said car, or one of them, without fault or negligence on the part of the defendant, you must return a verdict for the defendant." We cannot concur in this view of the matter. The statement in the charge in question of the predicate for a verdict in favor of the defendant omitted a material feature of the defense set up in the

defendant's special plea. That plea averred the existence in the contract of shipment of a provision to the effect that the carrier should not be liable for an injury inflicted upon any of the animals in consequence of any of them being vicious, wild, unruly, or weak, without fault or negligence on the part of the carrier, and that "the injuries alleged to have been inflicted upon the mare in question, and the damages, done to her, and her consequent death due to such injuries, were inflicted upon said mare, without fault or negligence on the part of this defendant, by some of the other animals in the car, and was due to the viciousness, wildness, or unruliness of the animal or animals which injured said mare, and was done without fault or negligence, on the part of the defendant." It could not well be claimed that the plea would have meant the same thing if it had omitted the averments as to the defendant's freedom from fault or negligence. If those averments had been omitted, the plea would have alleged merely the existence of the stipulation mentioned, and that the injury to the mare in question was due to the viciousness, wildness, or unruliness of some other animal or animals in the car. This would not have shown that the injury occurred under such circumstances as, by the terms of the stipulation as averred, the defendant would be relieved of liability, as negligence on the part of the carrier, for instance, in the manner of reloading the animals after they were fed or watered, might have exposed the one in question to injury by vicious or unruly animals in the lot. In that event, though the mare in question was injured by the kick of a vicious horse in the car, the defendant would not have been free from fault or negligence in the matter. An averment to the effect that the injury was due to the viciousness of another animal would no more involve the assertion that the defendant was free from

fault or negligence in reference to the matter than an averment in a complaint in a personal injury suit that the plaintiff's injury was caused by the negligence of the defendant would involve the assertion that the plaintiff was not guilty of contributory negligence. It has long been settled in this state that such an averment in such a pleading does not mean the same thing as would have been meant if it had been coupled with the further averment that the plaintiff was not guilty of contributory negligence.—*Kansas City, Memphis & Birmingham R. Co. v. Crocker*, 95 Ala. 412, 11 South. 262. It was only by virtue of a special stipulation on the subject that the defendant set up any claim that, because of the way in which the injury complained of was inflicted, it was relieved of its liability as a common carrier for the thing carried. In the only plea in this case which set up the existence of any such stipulation it was averred, not merely that the injury complained of was due to the viciousness or unruliness of one or more other animals in the car, but that the appellant was free from fault or negligence. A material part of the matter which the defendant by that plea set up in avoidance of the liability with which it was charged was that it was free from fault or negligence in reference to the injury complained of. To sustain that plea the burden was upon the defendant to prove all its material averments. There was no other pleading or defense in the case to which charge G could have been applicable. We are still of opinion that that charge was faulty in that it omitted from its statement of the predicate for a verdict in favor of the defendant the material feature of the special defense pleaded that the injury complained of occurred without fault or negligence on the part of the defendant.

As to other rulings which are brought into question by the application for a rehearing, we think that the reasons which are regarded as furnishing support for them are sufficiently stated in the foregoing opinion.

Application for rehearing overruled.

DE GRAFFENRIED, J., not sitting.