# Louisville & Nashville R. R. Co. v. Moorer.

### Injury to Animal.

(Decided November 25, 1915.  70 South. 277.)

1. **Witnesses; Examination; Memoranda as Aid.**—A witness cannot be permitted to aid his testimony by referring to a bill of lading or other written memoranda for facts which had never come within the scope of his own personal knowledge.

2. **Carriers; Live Stock; Evidence.**—Where the action was for injuries to a shipment of animals, questions to a conductor as to whether any exceptions were noted on the bill of lading when the horses were turned over to him, were objectionable not only because the bill of lading was the best evidence, but also because if the question had been answered affirmatively, it would have been hearsay, and if negatively, would have shown nothing as to the condition of the horses on delivery or as to how they were injured.

3. **Evidence; Conclusion.**—A witness should never be permitted to testify to his conclusion of fact or the reason for his conclusion.

4. **Appeal and Error; Harmless Error; Evidence.**—Where a witness was permitted to testify fully as to facts sought to be elicited by certain questions, objections to which were sustained, any error in sustaining such objections was rendered harmless.

5. **Carriers; Injury to Animals; Instructions.**—Where the action was for injury to a shipment of animals, and the defense interposed was a stipulation in the bill of lading relieving the carrier from liability for injuries to the animals in consequence of any of the animals being vicious, wild, unruly or

weak, and alleging that the injuries were due to such viciousness or weakness of some of the animals, and also alleging that the injuries were inflicted by other animals in the same car, a charge to find for defendant if the injury was caused by some of the animals being vicious or weak, and not by defendant's negligence, was properly refused for a failure to hypothesize the element of defense that the injuries were inflicted by other animals in the car.

6. Same.—Charges asserting that there was no evidence showing that lack of bedding caused the injury, or evidence that the stock were not fed for twenty-eight hours after leaving the point of shipment, were properly refused where there was evidence authorizing inferences contrary to the assumption of the instruction.

7. Charge of Court; Existence of Evidence.—While on written request, the court may instruct as to the effect of uncontradicted evidence, the court cannot be required to instruct whether there is evidence of any fact.

APPEAL from Marengo Law and Equity Court.

Heard before Hon. E. J. GILDER.

Action by H. D. Moorer against the Louisville & Nashville Railway Company for injury to stock in transit. From judgment for plaintiff, defendant appeals. Transferred from the Court of Appeals under Acts of 1911, p. 450, § 6. Affirmed.

The court sustained plaintiff's objection to the following question propounded by defendant: "Was there any exceptions noted on the bill of lading when the horses were turned over to you?"

Also to the following question: "Then, are you not mistaken as to the three mules coming in that car?"

Also to the following question: "What did you notice about the gray mare that showed to your mind that she had been kicked?"

Also to the following question: "Why didn't you want to keep her there?"

This was all the assignments of error relative to the evidence. The following charges were refused to defendant: "(2) I charge you that if you believe from the evidence that the death of, or the injury to, the said horses was caused by some of said horses in said car being vicious, wild, and unruly, or weak, and said death or injury was not caused by the negligence of defendant, then you must find your verdict for defendant."

"(A) I charge you that there is no evidence in this case showing that the lack of bedding in said car caused the injury to said horses."

"(F) I charge you that there is no evidence in this case showing that said stock were not fed within 28 hours after said horses had left East St. Louis, Ill., and the burden is on plaintiff to

reasonably satisfy you that said stock were not fed within 28 hours after leaving East St. Louis."

W. F. HERBERT, for appellant. I. I. CANTERBURY, and WILLIAM CUNNINGHAME, for appellee.

SAYRE, J.—Plaintiff, Moorer, sued the defendant railroad company for loss and injury suffered in transit by a shipment of horses from National Stockyards, Ill., to Linden in this state. Upon delivery some of the animals were found to be injured, two of them so badly that they died soon afterwards. Some questions are raised on the court's actions in sustaining objections to testimony offered by defendant and in refusing certain special instructions which the defendant requested in writing.

(1) If a witness by resorting to memoranda would refresh his recollection as to facts of which he has no present independent knowledge, he must resort to memoranda made by himself or known and recognized by him as stating the facts truly. The rule by which this court has been governed in such cases is stated in *Acklen v. Hickman*, 63 Ala. 494, 35 Am. Rep. 54. These observations will suffice to answer several of the assignments of error which seem to assert that a witness should have been allowed to aid his testimony by referring to a bill of lading for facts which had never come within the scope of his personal knowledge.

(2) The court correctly sustained the objection to the question by which defendant sought to have its witness, the conductor of the train between Selma and Linden, say whether there were any "exceptions" noted on the bill of lading when the horses were turned over to him. By itself the question was harmless, but it must have been intended to lead up to proof of what the exceptions noted were to prove, or that no exceptions were noted. If the defendant had a rule or course of business that required its agents to make notes showing the condition of live stock shipments along the way, it may be supposed that the waybill or memorandum of shipping directions would be the appropriate place for such noting. But, wholly apart from this suggestion, which is not of such materiality, the objection was properly sustained for the reason that the meaning of any notes made by agents who had previously handled the shipment would have been more satisfactorily proved by the bill of lading itself, and,

OF ALABAMA.

[Louisville & Nashville R. R. Co. v. Moorer.]

anyhow, an affirmative answer would have been incompetent, as mere hearsay, while the absence of notes or exceptions, if that is what the defendant expected to show, would have been evidence of nothing in respect to the condition of the animals at the time of their delivery to the consignee, nor would it have tended to show when or how or by what means the animals were injured.

(3, 4) It will answer some of the exceptions reserved to say that a witness may not testify to his conclusions of fact or his reasons for his conclusions. Conclusions are to be drawn by the jury from facts in evidence, while any reasons the witness may assign are quite immaterial. If by interrogating the witness as to "reasons" defendant should have been understood as meaning to ask for "facts," still there was no error to reverse, for the witness did testify to the facts, and his knowledge of the subject of inquiry appears to have been fully tested.

(5) There was no error in refusing charge 2, requested by defendant. The charge was intended to call the jury's attention to the defense set up by plea C, which was a special plea in confession and avoidance. This plea undertook to state a defense in virtue of a stipulation of the contract of affreightment, to the effect that, on considerations there stated, the shipper released the carrier from liability on account of any and all injuries which the animals, or any of them, might receive in consequence of any or either of them being vicious, wild, unruly, or weak, or from any cause whatever not resulting from the negligence of the agents or servants of the carrier, and this plea was the only one stating a defense under that stipulation. Appropriately, necessarily indeed, the plea, while alleging that the injuries to the animals were caused by the viciousness of one or more of the animals and by some of them being very weak, negatived any negligence on the part of defendant, for, as pointed out by Walker, P. J., in *A. G. S. R. R. Co. v. Gewin,* 5 Ala. App. 584, 59 South. 553, the mere averment that the injuries sued for were due to the viciousness or weakness of some of the animals would not have shown that the injuries occurred under such circumstances as, by the terms of the stipulation, would relieve the carrier of liability, since negligence in the management of the animals might have unnecessarily exaggerated their weakness or their vicious and unruly traits, or unduly exposed those on account of which the suit was brought to injury from others in the same car. The plea, however, did not stop with general

[Empire Coal Co. v. Bowen.]

averment in the terms of the stipulation. It alleged that the injuries complained of were inflicted upon said animals by some of the other animals in said car. But the charge failed to hypothesize this element of the defense alleged, nor was the court authorized to assume that the injuries were inflicted upon the animals in suit by other animals, for the evidence warranted the jury in drawing a different conclusion as to most of them at least. For this reason the charge was refused without error.

(6, 7) Charges A and F also were properly refused. Contrary to the assumption of these charges, there was evidence from which the jury may have inferred that the animals were not properly bedded, and were not fed within 28 hours after leaving the point of shipment. From the weak and exhausted condition of the animals and their great thirst and hunger after being unloaded, as testified by some of the witnesses, it is not impossible the jury may have found they had no attention at all during their transportation. Moreover, it is a familiar rule that, while the court may instruct the jury as to the effect of uncontradicted evidence, when requested in writing so to do, it cannot be required to charge that there is or is not evidence of any fact, since such charges state no proposition of law.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.