(92 South. 111)

## ALABAMA POWER CO. v. ARMOUR & CO.
### (7 Div. 219.)

(Supreme Court of Alabama. Oct. 27, 1921. Rehearing Denied Nov. 24, 1921.)

**1. Negligence ☞100—Contributory negligence no defense to a charge of wanton negligence.**

A contributory negligence plea is no answer to a charge of wanton negligence.

**2. Set-off and counterclaim ☞24—Damages for contributory negligence not set-off against damages for wantonness.**

A plea of set-off claiming damages to defendant's street car caused by the alleged contributory negligence of plaintiff is no answer to a charge that plaintiff's automobile was damaged through the wanton negligence of defendant, two demands having legal existence being essential to a set-off under Code 1907, § 5858, and plaintiff's damages being the only legal demand in existence because of defendant's wantonness, which consumed plaintiff's negligence.

**3. Appeal and error ☞1064(4)—The words "even though" held not to render instruction reversible error.**

In an action for injuries to an automobile truck struck by a street car, the jury was instructed that, even though plaintiff was negligent, if defendant's negligence was the sole proximate cause of the injury complained of, plaintiff's negligence will not bar recovery. Held, that the words "even though" did not render the instruction reversible error.

**4. Street railroads ☞118(3)—Instruction held proper in view of evidence.**

In an action for injuries to an automobile truck struck by a street car, instruction that, if the motorman negligently failed to sound the gong, and this negligence caused the injury, defendant would be liable, held not error in view of the evidence.

**5. Appeal and error ☞216(2)—Misleading instruction must be met by request to charge.**

Where an instruction was misleading, and no request was made to the court to give an appropriate explanatory charge, an objection to the instruction cannot be made on appeal.

**6. Trial ☞139(1)—General charge improper where there is evidence or reasonable inferences in opposition.**

The general affirmative charge should not be given where there is positive evidence or reasonable inferences in opposition thereto.

**7. Trial ☞253(8)—Instruction ignoring recovery on wanton negligence properly refused.**

In an action for injuries to an automobile truck struck by a street car, an instruction that, if the driver of the auto was guilty of negligence which caused damage to the street car, the jury should return a verdict for defendant on its plea of set-off, held properly refused where the complaint charged wanton negligence, and the evidence tended to sustain it.

**8. Trial ☞194(15)—Instruction held properly refused as invading province of the jury.**

In an action for injuries to an automobile truck struck by a street car, an instruction charging the jury that the driver of the truck was guilty of contributory negligence held properly refused as invading the province of the jury.

**9. Trial ☞194(15)—Instruction held properly refused as invading province of the jury.**

In an action for injuries to an automobile truck struck by a street car, an instruction charging the jury as a matter of law that the driver was guilty of contributory negligence in going upon the track under the circumstances which existed held properly refused as invading the province of the jury.

**10. Evidence ☞489—Witness who had driven automobiles competent to testify as to market value of automobile truck.**

Under Code 1907, § 3960, where a witness testified that he had driven automobiles for seven years, and was familiar with them, he was competent to testify as to the market value of an automobile truck before and after collision with a street car.

**11. Evidence ☞472(1)—Speed of automobile and street car held for jury, so that opinion of witness inadmissible.**

In an action for injuries to an automobile truck struck by a street car, the refusal to permit witnesses to state whether the truck or the street car was going the faster held not error, as that was a question for the jury to determine from the evidence.

**12. Evidence ☞472(4)—Sustaining of objection to question calling for conclusion held not error.**

In an action for injuries to an automobile truck struck by a street car, the sustaining of an objection to a question which called for the conclusion of a witness as to whether the accident could have been avoided had the driver of the truck made a different kind of a turn held not error, as such conclusion was for the jury to draw from the evidence.

On Rehearing.

**13. Trial ☞194(15)—Instruction held error as invading province of the jury.**

In an action for injuries to automobile truck struck by a street car, the instruction charging the jury that the motorman owed the duty to the driver of the truck to sound the gong on the street car at the time and place of the accident held error as invading the province of the jury.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

McClellan, Gardner, and Miller, JJ., dissenting.

Appeal from Circuit Court, Calhoun County; J. J. Curtis, Judge.

Action by Armour & Co. against the Alabama Power Company, for damages for injury to an automobile in collision. Judgment for the plaintiff, and the defendant appealed. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded on rehearing.

There were two counts in the complaint, count 1 of simple negligence, and count 2 upon wanton misconduct.

At the request of the plaintiff the court gave the following written charge:

"I charge you, gentlemen of the jury, that the plaintiff's chauffeur's contributory negligence which will bar recovery in this suit must be such as to have caused the injury complained of, or proximately contributed thereto, and, even though you find from the evidence that the negligence of the plaintiff's chauffeur, if there was such negligence, was merely the cause of a condition upon which negligence of the defendant or its motorman in failing to use the means within their power to avoid the injury after becoming aware of plaintiff's chauffeur's peril operated as the sole proximate cause of the injury complained of, if you find there was such negligence; will not prevent a recovery in this suit."

The following charges were refused to the defendant:

(2) The court charges the jury that, if the driver of plaintiff's automobile was guilty of negligence which proximately caused damage to the street car, then it is the duty of the jury to return a verdict in favor of the defendant on its plea of set-off, and to assess as damages in favor of defendant a sum sufficient to compensate the defendant for the injuries so caused.

(4) The court charges the jury that the driver of plaintiff's automobile was guilty of negligence.

(5) The court charges the jury that, as a matter of law, the driver of the automobile was guilty of negligence in going on the track under the circumstances which existed in this case.

Knox, Acker, Sterne & Liles, of Anniston, for appellant.

A plea of set-off is good against a wanton count, as well as against a simple negligence. Section 5858, Code 1907; 153 Ala. 352, 45 South. 219; 144 Ala. 552, 39 South. 72; 83 Ala. 33, 3 South. 857, 3 Am. St. Rep. 685. The court erred in giving charge 1 for the plaintiff. 197 Ala. 512, 73 South. 103. The court erred in giving charge 2 for the plaintiff. 11 Ala. App. 595, 66 South. 824; 174 Ala. 675, 56 South. 1013; 153 Ala. 232, 45 South. 238, 16 L. R. A. (N. S.) 301. A witness who sees vehicles in motion may testify which is traveling the faster. 95 Ala. 422, 11 South. 262; 139 Ala. 501, 37 South. 166; 230 Pa. 299, 79 Atl. 626, 34 L. R. A. (N. S.) 778; 153 Iowa, 435, 133 N. W. 661.

Ross Blackmon and J. B. Holman, Jr., both of Anniston, for appellee.

Charge 2 was properly given for the plaintiff. 16 Ala. App. 221, 77 South. 59; 36 Cyc. 1485; 158 Ala. 535, 48 South. 114; 159 Ala. 205, 48 South. 798, 133 Am. St. Rep. 32; 3 Ala. App. 375, 57 South. 404; 137 La. 203, 68 South. 409. Comparisons as to speed cannot be made,.as this is for the jury to determine from the matters in evidence. 128 Ala. 313, 29 South. 562; 112 Ala. 425, 20 South. 566, 105 Ala. 599, 17 South. 176; 95 Ala. 412, 11 South. 262. There was no error in the ruling of the court as-to the pleas of set-off or contributory negligence. 124 Ala. 455, 27 South. 518; 199 Ala. 571, 75 South. 159.

MILLER, J. Armour & Co. bring this suit against the Alabama Power Company for damages for injuries to an automobile of plaintiff's in collision with a street car belonging to defendant. There was judgment of the court on verdict of the jury in favor of the plaintiff for $74.91, and defendant appeals.

On former appeal it was in the Court of Appeals. Armour & Co. v. Ala. Power Co., 17 Ala. App. 280, 84 South. 628.

[1] The errors from 1 to 9, insisted on by appellant, are based on the court refusing to hold a plea of set-off good, and contributory negligence pleas good, against a wanton count. The set-off claimed grows out of the same collision alleged in the complaint. This plea sets up and claims damages to the street car of the defendant by alleged contributory negligence of the plaintiff. The court sustained demurrers to these pleas of set-off and contributory negligence to the wanton count of the complaint. In this there was no error.

[2] The defendant by one of these pleas attempts to set off its damages to its street car, growing out of an alleged contributory negligence act of plaintiff, against the wanton act of defendant, damaging the automobile of plaintiff. A contributory negligence plea is no answer to a wanton act charged in a complaint; and those pleas setting up contributory negligence of plaintiff to the wanton count were subject to the demurrer. So. Ry. Co. v. Yancey, 141 Ala. 246, 37 South. 341. There must be two demands, one of plaintiff and one of the defendant, for the law of set-off to have application. These demands must be mutual, subsisting between the parties at the commencement of the suit for one to set off the other. If the demands of each grow out of a collision, as in this case, caused by the alleged contributory negligence of plaintiff and alleged wanton neg-

ligence of the defendant, the wantonness of the defendant overshadows and consumes the negligence of the plaintiff, and creates by their joint negligent and wanton acts, respectively, two damages for which there is in law only one legal demand. This legal demand is for plaintiff's damages for the injuries to the automobile caused by the averred wanton act of defendant, for which the averred contributory negligence of plaintiff is no legal defense, and the damages to its street car can therefore be no legal demand to set off this demand of plaintiff. The demands or rights of action of each must be simultaneous; they must exist at the same time. These two alleged injuries cannot each have a legal existence and each be legal demands at the same time. So. Ry Co. v. Yancey, 141 Ala. 246, 37 South. 341; St. L. & Tenn, River P. Co. v. McPeters, 124 Ala. 451, 27 South. 518; section 5858, Code 1907.

[3] Written charge No. 1, asked by plaintiff, was given by the court. The words "even though" therein did not render its giving reversible error. The case of L. & N. R. R. Co. v. Abernathy, 197 Ala. 512, 73 South. 103, based on Miller's Case, 107 Ala. 40, 19 South. 37, cited therein, involved a charge refused by the trial court, and the ruling was justified; but the court did not there hold that the giving of said charge would be reversible error. Cent. of Ga. Ry. v. Ellison, 199 Ala. 571, 75 South. 159. The court gave this written charge at the request of the plaintiff:

"(2) I charge you, gentlemen of the jury, that the defendant's motorman owed the plaintiff's agent the duty to have sounded the gong on the street car at the time and place of the accident or injury, and if you find that he negligently failed to do so, and this negligence proximately caused the injury, then the defendant would be liable."

The undisputed evidence showed that the motorman of the street car saw the running automobile, saw the danger and peril to the car and the automobile before the collision, and the street car was running, and he did not sound the gong. This undisputed evidence made it his duty to devote his energies to sounding the gong and using his brakes and other agencies for stopping his engine and preventing the injury. This undisputed evidence rendered the first part of the charge correct. L. & N. R. R. Co. v. Mitchell, 134 Ala. 261, 32 South. 735; L. & N. R. R. Co. v. Young, 153 Ala. 232, 45 South. 238, 16 L. R. A. (N. S.) 301.

[4] The evidence for plaintiff tended to show that the motorman "after seeing and so realizing the danger * * * had time to have sounded his gong and thereby prevented the accident." The testimony of the motorman tended to show in substance:

"That from the time he saw the automobile until the automobile struck the street car, he only had time to bring the car to a standstill, and step back out of the way of flying glass."

Under this disputed evidence the court properly instructed the jury in the charge stating:

"If you find that he negligently failed to do so [sound the gong] and this negligence proximately caused the injury, then the defendant would be liable."

[5] It was for the jury to declare whether the motorman had time to sound the gong, whether he was guilty of negligence in failing to do so, and whether he should exercise his agencies in stopping the car or sounding the gong or both. This issue was for the jury to settle. This charge so left it. L. & N. R. R. Co. v. Young, 153 Ala. 232, 45 South. 238, 16 L. R. A. (N. S.) 301; L. & N. R. R. Co. v. Mitchell, 134 Ala. 261, 32 South. 735; Appel v. Selma St. & S. R. Co., 177 Ala. 472, 59 South. 164. This charge was misleading, but the trial court will not be put in error for giving it as the defendant could have asked and had the court give an appropriate explanatory charge. It did not do so, and cannot complain. Phillips v. Gaither, 191 Ala. 87, 67 South. 1001.

[6] Charge 1 refused defendant by the court is the general affirmative charge. In this case all material issues are in direct conflict by positive evidence or reasonable inferences therefrom, and therefore this charge could not be given by the court. John v. B'ham Realty Co., 172 Ala. 604, 55 South. 801.

[7] Charge 2 is on set-off plea of defendant. The court did not err in refusing it. It called for verdict for defendant on plea of set-off, if the driver of plaintiff's automobile was guilty of negligence which proximately caused the damage to the street car. It ignores the wanton count of the complaint and the evidence tending to sustain it. So. Ry. Co. v. Yancey, 141 Ala. 246, 37 South. 341; St. L. & T. R. P. Co. v. McPeters, 124 Ala. 455, 27 South. 518.

[8, 9] Charges 4 and 5 of defendant, refused by the court, invade the province of the jury. These were questions for them to settle from the evidence, and not for the court to do so as a matter of law. Tobler v. Pioneer Min. Co., 166 Ala. 482, 52 South. 86. Refused charge 8 was covered by given charge No. 9.

[10] The witness Taylor testified that he had driven automobiles for the past six or seven years; was familiar with them. This one was worth before the accident $325. It was comparatively new. After the collision both fenders on one side were knocked off, big dent in the body of the car; an axle was broken or bent, or two castings cut. He was not a mechanic, never dealt in cars, had heard people state what they had gotten for different damaged cars. This witness was

207 ALA.—2

competent to testify as to the market value of the automobile after and before the collision. Under the evidence he showed sufficient personal knowledge of and familiarity with automobiles and their prices personally, and from hearsay as to their value when damaged, to make statement of his opinion on the value relevant. Its weight and credibility was with the jury. Section 3960, Code 1907; Ward v. Reynolds, 32 Ala. 384.

[11] When cars are running on the same road or street, in the same direction on parallel line, as one draws closer and passes the other, or is left gradually more and more in the rear of the other, the eye can with ease discern which is running the faster. It is a fact that the mental vision can perceive, and on which there can be positive testimony. When cars are running towards each other, as to which is running the faster is not so easily seen by an observing eye; but a person accustomed to observing the speed of cars can give, frequently, accurate judgment as to the rate of speed of each Then as to which is running the faster is a matter of calculation, and not of opinion. These cars were running toward each other. There was a collision. The witnesses were permitted by the court to testify as to the speed of each. This they did. They were not permitted to testify as to which was running the faster. This fact from the testimony was a matter of calculation. It called for a conclusion which the jury could reach without the aid of a calculating witness. If in this the court erred, it is without injury, as the jury from the evidence could answer the question from the facts given them. Highland Ave. & Belt R. R. Co. v. Sampson, 112 Ala. 425, 20 South. 566; L. & N. R. R. Co. v. Stewart, 128 Ala. 313, 29 South. 562.

[12] The court sustained objection of plaintiff to this question, asked A. M. Wade by defendant:

"I will ask you whether, at the speed you were going, and the speed he was going, if he had waited to make his turn until he got on the other side of Cooper street, on the south side of Fifteenth, whether there would have been any collision at all?"

This called for a conclusion and opinion of the witness. The witness should testify to the facts and circumstances, and let the jury form the opinion and draw the conclusion. The court did not err in sustaining plaintiff's objection to this question. Ray v. Brannan, 196 Ala. 113, 72 South. 16; L. & N. R. R. Co. v. Moorer, 195 Ala. 344, 70 South. 277.

We find no reversible error in the record, and this case is affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

On Rehearing.

PER CURIAM. [13] A majority of the court, composed of ANDERSON, C. J., and SAYRE, SOMERVILLE, and THOMAS, JJ., are of the opinion, and so hold, that the trial court erred in giving the plaintiff's requested charge 2. The first part of it invaded the province of the jury, as it was for them to decide whether or not it was the motorman's duty to have sounded the gong under the circumstances disclosed by the evidence. Indeed, the original opinion seems to concede this, but holds that this erroneous statement was so cured or neutralized as to render the charge merely misleading; but the majority think that the charge in its entirety was erroneous, and not merely misleading. While the latter part of said charge hypothesized that, if he negligently failed to do so, etc., the first part had already charged that it was his duty to do so, and in effect that he was guilty of negligence, and this error was not cured by the remainder of said charge.

Application for rehearing granted, judgment of affirmance set aside, and reversed and remanded.

McCLELLAN, GARDNER, and MILLER, JJ., adhere to the original opinion, and dissent from the reversal of the case.