LUCKETT *v.* LOUISIANA OIL CORPORATION *et al.*

(Division B. Dec. 17, 1934. Suggestion of Error Overruled Jan. 28, 1935.)

[158 So. 199. No. 31488.]

Howie & Howie, of Jackson, for appellant.

Watkins & Eager, of Jackson, and **W. H. and Robert H. Powell**, of Canton, for appellees.

Argued orally by **J. H. Howie**, for appellant, and by **W. H. Powell**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant's decedent was an experienced and competent truck driver, and had for some time been in the employ of appellees as a driver of one of their oil and gasoline delivery trucks. On the afternoon of the day

in question he was on his way towards the delivery of an order of gasoline, traveling on a graveled state highway, and apparently at a moderate rate of speed, when having passed over a hill and started down a slight grade, the truck began to veer or zigzag from side to side of the road, and after having proceeded in this manner for about thirty yards, the truck left the road and turned over, pinning the driver in the wreckage of the cab, and the truck having caught fire, appellant's decedent was burned to death. The evidence discloses no suggestion that the driver was not in perfect health, none that he was intoxicated, and it was shown that there was nothing wrong with the tires.

Appellant, as administratrix, instituted suit for the death, alleging that the proximate cause thereof was the negligence of decedent's employers in failing to take reasonable care to furnish decedent with a reasonably safe truck. The truck was seriously out of order in several particulars, according to the allegations of the plaintiff, but the proof was imperfect and insufficient, so far as the present record is concerned, except in respect to the steering wheel, as to which the proof is that this wheel was loose to the extent that it had a play of from three-quarters to an entire turn thereof, and that this condition had existed for a period of time amply sufficient for a reasonable inspection to have been due to have been made; but even as to this item and as to the ultimate issue whether a steering wheel with a play of as much as stated is not reasonably safe, appellant relied upon judicial knowledge to be taken by the court, and came very near making no proof at all upon that important question. The court granted a peremptory instruction for the defendants.

The facts in regard to automobiles and automobile trucks which may be judicially noticed are those which are so prominent, and which, therefore, are so distinctly

capable of intelligent observation, that they can safely be regarded as certain and indisputable facts, known as such to all persons of average understanding and who have had the opportunities of the average person to make observation. Williams v. Lumpkin, 169 Miss. 146, 151, 152 So. 842. But the courts are in general agreement that the power to take judicial notice is to be exercised with caution and with particular care to see to it that the fact to be noticed comes safely within the allowable limitations, and that doubts upon the subject must be resolved in the negative. 23 C. J., p. 173. For that reason, courts will incline against taking judicial notice of those facts in the realm of mechanics which had better be presented by the testimony of those who have made special observation or who have had special experience, or who as experts can be more safely trusted as to the truth of the particular fact than to rely upon an assumed knowledge which might actually be mistaken.

Accordingly, we may take judicial knowledge of the fact that automobiles and automobile trucks are guided by steering wheels and that the vehicle will turn in the direction towards which the steering wheel is turned, which includes, of course, the further fact that there is such a mechanical connection between the steering wheel and the front road wheels that the latter are compelled to respond to the former. These are prominent facts that any observant person could not fail to see in the course of his daily life. But as to how much play there may be in a steering wheel is not a matter which may safely be brought within the rule of judicial notice as if common knowledge; and, we think, not even when the play is as much as three-quarters to an entire turn of the steering wheel, shown in this case. If we could be required to take judicial notice in respect to the degree of allowable play in a steering wheel, we might, with equal reason, be called upon to notice the further fact that the

standard automobiles in general use to-day have simple adjustment devices for the elimination of that play and which might fall within the duty of the driver of a truck to attend to himself, similarly to his duty to repair a tire on the road.

These are matters to be proved by experienced drivers and mechanics. But it seems to us that we can safely say that when the proof shows, as in this case, that there was a play in the steering wheel of three-quarters to an entire turn of the wheel, this is so sufficiently suggestive of danger as to take that issue to the jury when, in addition, there is found in the record further and direct proof upon the issue that such a play is excessive to the extent to make the machine hard to handle on that account. And there is such proof in this record. A witness for the plaintiff testified that he rode in this truck on Thursday before the wreck on Tuesday, that the steering wheel had "almost a full round of play in it," and in response to the question, did it steer badly, he answered that "it was a pretty hard job to hold it in the road." We think this was sufficient to escape a peremptory instruction, although it would have been fairer to judge and jury more fully and explicitly to have developed that issue by experienced truck drivers and expert mechanics of whom there are many such in every courthouse town in the state.

Reversed and remanded.