JABRON *v.* STATE.

(Division B. Feb. 11, 1935.)

[159 So. 406. No. 31619.]

Martin & Berry, of New Hebron, for appellant.

E. B. & H. J. **Patterson**, of Monticello, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

Argued orally by **Martin & Berry** and **E. B. Patterson**, for appellant.

**Griffith, J.,** delivered the opinion of the court.

Appellant was indicted, tried, and convicted of a charge of manslaughter for the killing of a child between the age of six and seven years. The prosecution was based upon our culpable negligence statute, sec. 1002, Code 1930, and the specific proof which was attempted to be made was that appellant, the defendant, had given the child a sufficient quantity of whiskey to produce death, and that the child died as a result thereof. There is an absence of any suggestion that the defendant had any purpose or motive to seriously injure the child, or to injure him at all; the prosecution proceeded solely upon the issue of culpable negligence.

Laying aside the matter of culpability, and dealing with the lesser and simpler issue of negligence alone, it

is elemental that, in order that a wrongdoer may be held liable, even in a civil action, for negligence, it is necessary to show that the injury complained of was the natural and probable result of the negligence; and as was more fully stated in Williams v. Lumpkin, 169 Miss. 146, 152, 152 So. 842, 844: "Actionable fault on the part of a defendant must be predicated on action or nonaction accompanied by knowledge actual or implied of the facts which make the result of his conduct not only a probable result but a result also which he should, in view of these facts, have reasonably anticipated." That a particular result was a possible result does not establish a case, either civil or criminal, as we have repeatedly held. .

The evidence for the state pushed to its furthest extreme shows that, at most, the defendant gave the child three swallows of whiskey. There is not a word of proof in the record by any medical expert that three swallows of whiskey is sufficient, as a probability, to kill or seriously injure a healthy six year old child. The proof that the child died of alcoholic poison does not serve to answer that question for two reasons: First, that particular proof would establish only a possibility, not the probability; and second, there was undisputed evidence, and by a state witness, that the mother of the child on the same morning and within a short while had given the child whiskey, which fact was unknown to the defendant, and the fact is further developed in the circumstances that the child had had easy opportunity, through the omission of care by the mother, rather than of this defendant, to get whiskey from the same receptacle, within a short period thereafter without being observed by any other person in so doing.

The only proof offered in the matter of the quantity of whiskey in relation to the danger of death or serious injury therefrom was the single question asked the physician, and answered by him, to the effect that it would require a smaller quantity to endanger the life of a child

than in the case of an adult, but how much as to either was not anywhere mentioned. The case, therefore, is left without substantial support upon an essential issue unless the court and jury could take judicial knowledge that three swallows of whiskey is sufficient to cause, as a probability, not as a possibility, the death of, or serious injury to, a healthy six year old child. That such an alleged fact is not within the field of judicial notice is obvious upon its mere statement, and requires no comment. But if comment be desired, the governing principles upon the subject of judicial knowledge and the practicable application thereof may be found in the recent case, Luckett v. Louisiana Oil Corporation et al. (Miss.), 158 So. 199.

There was a complete failure of substantial proof on an essential element in the case, and, therefore, however censurable he may be thought to be in an extrajudicial forum, the appellant was entitled to the peremptory charge requested by him.

Reversed, and appellant discharged.