MAJURE *v.* HERRINGTON, et al.

No. 42290 April 9, 1962 139 So. 2d 635

*Sanford* & *Alford,* Philadelphia; *Gipson, Gipson* & *Wiley,* Meridian, for appellant.

*Snow, Covington, Shows* & *Watts,* Meridian, for appellees.

KYLE, J.

The appellant Mrs. Irby W. Majure, plaintiff in the court below, filed suit in the Circuit Court of Lauderdale County against Mrs. Sally E. Herrington and her husband, Dr. James E. Herrington, defendants in the court below, seeking to recover damages for personal injuries suffered by the appellant as the result of an automobile accident which occurred on U. S. Highway No. 11, about three miles south of the Town of Ellis-

ville in Jones County, Mississippi. The jury returned a verdict in favor of the defendants, and judgment was entered thereon. From that judgment the appellant has prosecuted this appeal.

The accident occurred about 3 o'clock P. M., Sunday, August 7, 1960. The plaintiff charged in her declaration that the appellees were guilty of negligence in the operation of their automobile by Sally E. Herrington, in that she lost control of the automobile and ran across the center line of the highway and caused her automobile to collide with the automobile in which the appellant was riding at the time when the automobile in which she was riding was on its proper side of the highway and that as a result of said negligence the plaintiff sustained severe bodily injuries for which she demanded damages.

The case was tried at the April 1961 term of the court, and at the conclusion of the evidence the trial court peremptorily instructed the jury to return a verdict in favor of the plaintiff and to assess the damages. The jury retired to consider of its verdict, and shortly thereafter returned into open court a verdict in favor of the defendants. A motion was filed by the defendants asking that the court accept the jury's verdict and enter a judgment thereon. But the motion was overruled, and the jury was instructed to return to the jury room for further deliberation. The jury later returned a verdict in favor of the plaintiff against both defendants for the sum of $2,500, and a judgment was entered in favor of the plaintiff for that amount. The defendants filed a motion for a new trial, alleging as grounds therefor that the court had erred in granting the plaintiff's instruction on the issue of the defendants' liability for the injury complained of, and that the verdict was against the weight of the evidence. The motion for a new trial was sustained; and the case was tried again at the June 1961 term of the court, and the jury

returned a verdict for the defendants. A judgment was thereupon entered in favor of the defendants, and from that judgment the plaintiff has prosecuted this appeal.

The appellant's attorneys have assigned and argued four points as grounds for reversal of the judgment of the lower court.

The main points argued by the appellant's attorneys as grounds for reversal of the judgment are: (1) That the court erred in refusing to direct a verdict for the plaintiff on the issue of legal liability at the conclusion of the evidence on the second trial; (2) that the verdict of the jury on the second trial was contrary to the overwhelming weight of the evidence, and the court erred in overruling the appellant's motion for a new trial.

It is therefore necessary that we give a brief summary of the testimony.

The plaintiff, Mrs. Irby W. Majure, and her husband testified that they had visited their daughter in Slidell, Louisiana, and were enroute from Slidell to their home in Union, Mississippi, when the cars collided; that the weather was clear and the roadway was dry; that the highway was a paved blacktop highway, and that they were traveling at a rate of speed of from 50 to 60 miles per hour; that there were numerous automobiles on the highway at the time, and there were four or five automobiles in the east or north-bound lane of traffic ahead of the Majure car. The plaintiff and her husband testified that the accident occurred on an upgrade slope about 100 yards south of the crest of a hill; that neither the plaintiff nor her husband saw or observed any automobile in the west lane of the highway headed north, prior to or at the time of the collision between the Majure car and the Herrington car, and neither the plaintiff nor her husband saw the Herrington car approaching from the north until it had passed over the crest of the hill; that the Herrington automobile, when first seen by them,

was just south of the crest of the hill, with two wheels off on the west shoulder and two wheels on the west edge of the pavement. The automobile was weaving and out of control, and seemed to get faster as it proceeded southwardly.

The plaintiff's evidence also showed that, as a result of the impact when the cars collided, the plaintiff was thrown into the windshield and against the dashboard of the car in which she was riding; that her knees were cut and bruised, and her feet were pinned in the duct of the air conditioner; that she suffered a cut under her chin, injuries to her chest and shoulder, and a fractured collarbone, and also bruises to her kidneys; that she was carried to the Jones County Community Hospital at Laurel for emergency treatment and was later transferred to Laird's Hospital at Union, Mississippi, where she was hospitalized for approximately four weeks.

The defendants, Mrs. Sally E. Herrington and her husband, Dr. James E. Herrington, testified that they left Meridian sometime after the noon hour to visit Mrs. Herrington's parents at Hattiesburg. Mrs. Herrington was driving their new 1960 model Oldsmobile which was equipped with power steering and power brakes. Mrs. Herrington was an experienced driver, and had been driving automobiles since 1953. Both witnesses testified that the accident occurred after they had passed over the crest of a hill a few miles south of Ellisville; that the upgrade and downgrade of the hill were such that automobiles could not be seen south of the crest of the hill until the crest had been reached; and that on reaching the crest of the hill they saw three automobiles approaching in the east or north-bound traffic lane, headed north, and a fourth car, a blue Ford automobile approaching in the west or south-bound traffic lane of the highway; that the Herrington car was traveling at a rate of speed at approximately 45 to 50 miles per

hour; that the three automobiles in the east or north-bound traffic lane were traveling at a rate of speed of approximately 50 to 55 miles per hour; that the blue Ford, headed north in the southbound traffic lane, was traveling at a rate of speed of approximately 65 miles per hour, and was running around and passing the three automobiles proceeding in the same direction along the east or north-bound traffic lane. The defendants testified that the front of the blue Ford car, at the time the defendants reached the crest of the hill, was approximately even with the lead car of the three cars in the east or north-bound lane, and was headed directly toward the Herrington car.

Mrs. Herrington testified that when she saw the blue Ford car approaching at a rapid rate of speed in her own lane of travel and only a few car lengths ahead of her, she saw no way to avoid a headon collision with one of the on-coming automobiles except by turning to her right and onto the west shoulder of the highway; that she tried to get out of the way and tried to watch what she was doing, and as quickly as her reflexes would permit she turned to the right and onto the west shoulder of the highway. She stated that the roughness of the shoulder of the highway and the wheels of her car striking some obstacles on the shoulder of the highway caused her to lose control of the movements of her car momentarily; that she applied her brakes to the extent that she thought safe, but she was afraid to lock the brakes for the reason that to do so might have upset the automobile, and because of the dislodged position which she was in, as a result of the roughness of the shoulder, she was unable to bring her car under control before she collided with the Majure car which was still traveling northwardly in the east traffic lane of the highway.

Several of the occupants of the two cars which were proceeding northwardly along the east side of the high-

way and which were approaching the crest of the hill at the time the Herrington car was forced off of the highway corroborated Mrs. Herrington's testimony concerning the circumstances which existed at the time she lost control of her automobile.

Richard Carr, State Highway patrolman, testified that he arrived at the scene of the accident about 20 minutes after the accident occurred. He found that the accident had occurred on a hillside. The two automobiles involved in the collision and the debris deposited on the highway as a result of the collision were 100 feet south of the hill crest. The debris was about the middle of the north-bound lane of the highway. The patrolman stated that he found skidmarks which indicated that the brakes on the Majure car had been applied for a distance of approximately 30 feet before the cars collided; that the east skidmarks were 8 inches from the east edge of the pavement; and that the west skidmarks were 2 feet east of the center line of the pavement. He stated that the front end of the Oldsmobile was in the east or north-bound lane of the highway, and the rear end in the west or south-bound lane of the highway, and the left fronts of the two vehicles were damaged. The patrolman stated that he examined the west shoulder of the highway; that the shoulder was rough, and there was a small drain ditch at the bottom edge of the 6-foot embankment; that he saw tire marks on the rough shoulder; and that the tire marks could be traced to the point where the car came back onto the highway.

We think there was no error in the court's refusal to grant the peremptory instruction requested by the plaintiff on the issue of legal liability of the defendants for the injury complained of. Neither do we think that the court erred in overruling the appellant's motion for a new trial on the ground that the verdict was against the overwhelming weight of the evidence.

The appellees' defense throughout the trial was that the plaintiff's injury was proximately caused, not by the negligence of the defendants, but by an intervening independent and efficient cause, towit: The negligent and reckless act of the unknown driver of the blue Ford automobile in turning into the south-bound traffic lane of the highway only a few feet below the crest of the hill and forcing the defendants' automobile off of the highway and onto the rough shoulder thereby causing the operator of the defendants' car to lose control of its movements.

 ██ The rule is well settled that, "Where the operator of a motor vehicle is by a sudden emergency, not caused in whole or in part by him, placed in a position of imminent peril to himself or to another, without sufficient time in which to determine with certainty the best course to pursue, he is not held to the same coolness, accuracy of judgment, or degree of care as is required of him under ordinary circumstances, or of one having ample opportunity for the full exercise of judgment, and is not liable for injuries caused by his vehicle if an accident occurs, provided he exercises ordinary or reasonable care or prudence, considering the stress of the circumstances, to avoid an accident, * * *." 60 C.J.S., 624, 625, Motor Vehicles, Section 257a. See also Vann v. Tankersly, 164 Miss. 748, 145 So. 642; Phillips v. Delta Motor Lines, Inc., 235 Miss. 1, 108 So. 2d 409; Moore v. Taggart, 233 Miss. 389, 102 So. 2d 333; Fink v. East Miss. Electric Power Ass'n., 234 Miss. 221, 105 So. 2d 548.

In discussing the degree of care required of a motorist confronted by a sudden emergency not caused by him, this Court, in Moore v. Taggart, 233 Miss. 389, 102 So. 2d 333, quoted with approval the statement in 1 Blashfield, Cyclopedia of Automobile Law and Practice, Vol. 1, Part 2, Perm. Ed., Sec. 668, pp. 538-545, which is as follows:

"When one is confronted with a sudden peril requiring instinctive action, he is not, in determining his course of action, held to the exercise of the same degree of care as when he has time for reflection, and, in the event that an automobilist suddenly meets with an emergency which naturally would overpower the judgment of a reasonably prudent and careful driver, so that momentarily he is thereby rendered incapable of deliberate and intelligent action, and as a result injuries a third person, he is not negligent, provided he has used due care to avoid meeting such an emergency and, after it arises, he exercises such care as a reasonably prudent and capable driver would use under the unusual circumstances, which is usually for the jury.

"In other words, some allowance must be made for the time required for the requisite mental and physical operations of a motorist in applying his brakes or doing whatever else is necessary when an emergency arises."

■■ ■ The evidence in this case shows that the defendant, Mrs. Sally E. Herrington, was driving her Oldsmobile at a lawful rate of speed and on her own side of the paved highway as she approached the crest of the hill from the north side. There was no indication of danger until she arrived at the top of the hill and saw that she was confronted with a blocked highway only a few car lengths ahead of her and an automobile in her own lane of the highway approaching at a high rate of speed. All of the disinterested witnesses testified to a state of facts which demonstrated a sudden emergency. Whether under these circumstances Mrs. Herrington was negligent in failing to apply her brakes immediately, or in failing to exercise such care as a reasonably prudent and capable driver would have used under the unusual circumstances to avoid an accident, and whether such negligence, if any, was the proximate cause of the plaintiff's injury, were questions for the jury to decide under proper instructions of the court; and we think

there was no error in the court's refusal to direct a verdict for the plaintiff on the issue of the defendants' liability. We also think there is ample proof in the record to support the finding of the jury on those issues.

It is next argued that the court erred in refusing to grant two instructions requested by the plaintiff and in granting four instructions which appear on pages 482 to 488 of the record. But we think the jury was properly instructed as to the law in the numerous instructions granted to the respective parties, and we find no reversible error in the courts refusal to grant the two instructions requested by the plaintiff or in granting the instructions complained of which were granted to the defendants.

The judgment of the lower court is therefore affirmed.

Affirmed.

*McGehee, C. J.,* and *Ethridge, Gillespie* and *Rodgers, JJ.,* concur.