Henry WENDELKEN, Appellant,

v.

John K. McMURRAY, by his Conservator, Mrs. John K. McMurray, Appellee.

No. 24604.

United States Court of Appeals
Fifth Circuit.

Dec. 14, 1967.

Rehearing En Banc Denied
Jan. 30, 1968.

David Cottrell, Jr., Eaton, Cottrell, Galloway & Lang, Gulfport, Miss., for appellant.

Louis Fondren, Moss Point, Miss., for appellee.

Before RIVES and GODBOLD, Circuit Judges, and HUGHES, District Judge.

GODBOLD, Circuit Judge:

This is an appeal from a substantial judgment for the plaintiff in a non-jury trial, for injuries received in a two-car automobile collision. We reverse because the evidence conclusively shows that the defendant was guilty of no negligence causing or contributing to plaintiff's injuries. Both plaintiff and defendant are victims of the misconduct of a drunken pedestrian.

The defendant, Wendelken, was traveling east on U. S. Highway 90 in an open and uninhabited rural area in southern Mississippi. The highway was straight for several miles east and west, four lanes, two contiguous lanes of blacktop asphalt on each side of a 40-foot grass median strip. Defendant was driving in his right hand lane. The asphalt surface on each side of the median was 24 feet.

The time was about 2:30 p. m. It had been raining off and on and was still misty, but visibility was good. The highway was wet but traction good.

The median sloped gently to its center from each of the paved strips; it was soft and wet from the rains. There were no obstructions to vision, no intersection, houses or improvements on either side of the highway. The nearest structure was a highway truck stop or restaurant two miles east.

Wendelken was driving at not in excess of 60 miles per hour; in fact all traffic, eastward and westward, was moving at an even flow of about 60. The assigned maximum speed in the area was 65. Several cars were behind defendant, the nearest about 100 feet.

Defendant first observed Oldham, the pedestrian, when he was 500 to 600 feet away. Oldham was standing still on the south shoulder about two feet off the

pavement and facing north. He was not looking at eastbound traffic and gave no appearance that he was going to cross the road. Nor to defendant did he appear to be drunk. At that point the stabilized shoulder was approximately eight feet wide, bordered by a downward sloping grass area.

Wendelken did not reduce his speed. When the auto was 200 to 250 feet from the pedestrian, Oldham left his stationary position and took his first step onto the pavement, still facing northward, and continued across. There is no evidence that prior to the moment Oldham began to move onto the pavement he communicated by any physical act or appearance that he was intoxicated. After the accident he was found to be drunk.

When Oldham stepped onto the pavement defendant took evasive action. There is no evidence that he delayed. He applied his brakes. There is evidence that he blew his horn (the trial court made no finding whether he did or not). He veered to the left. Other cars behind him began to pull to the left also. Oldham continued to walk northward. To avoid striking him Wendelken drove onto the median, entering it at the moment of passing Oldham, who was then north of the center line strip. In the median he slid out of control, thence into the westbound lanes and collided with plaintiff's automobile traveling in the northmost lane.

The trial judge found that Wendelken's duty to Oldham began when he first saw him on the south shoulder of the highway in an uninhabited and deserted area; he found that the defendant, knowing Oldham was not looking at oncoming traffic, was negligent in failing to immediately slow his car, and if necessary stop, and

his failure to do so caused him to lose control.

Whether in this clearly-established factual situation, with the material facts not in dispute, the driver is under a duty to the pedestrian to slow or stop his car is a question of law. There is no such duty. Reasonable care does not require it.[1]

Defendant's situation is that presented daily to innumerable drivers traveling the thousands of miles of high-speed four-lane highways that spread across the nation. Many of the four-lanes are routed through uninhabited areas to facilitate uninterrupted movement of vehicles. Traffic does not slow or stop each time a driver traveling at a legal speed on a multi-lane highway observes an adult pedestrian in an uninhabited area standing at the roadside in a place of safety, not observing traffic and showing no signs of abnormal conduct. A requirement to do so would be consistent neither with the purpose of the highway nor with the safety of the traffic moving on it.

If the stationary pedestrian is a child of tender years, or communicates by appearance or action that he is intoxicated, ill or otherwise not in possession of his faculties, the approaching driver may be bound to anticipate that he will—or that there is sufficient risk that he might—leave his place of safety and come onto the traveled highway. Miss. Code Ann. § 8202(d) (repl. vol. 1956); Avery v. Collins, 171 Miss. 636, 157 So. 695, 158 So. 552 (1935); 4 Blashfield, Automobile Law & Practice §§ 151.12 & -.22 (3d ed. 1965). But that principle has no application in this case, for no one observed signs of Oldham's drunkenness until he began his movement across the pavement, nor is there evidence that prior to that time defendant should have known he was drunk.

1. Counsel have pointed us to no Mississippi case on this point, nor has our research yielded such a case. However, numerous cases from other jurisdictions rely on the common sense principle that a motorist may assume that an adult pedestrian showing no signs of incapacity will not move from a place of safety into the path of a moving automobile. E.g., Whittaker v. Thornberry, 306 Ky. 830, 209 S.W.2d 498 (1948); Trainor's Adm'r v. Keller, 257 Ky. 840, 79 S.W.2d 232 (1935); Silvera v. Gallardo, 63 So.2d 15 (La.App.1953); see cases cited at 3 Blashfield, Automobile Law & Practice §§ 141.11,-.16 & -.24 (3d ed. 1965).

■ Sec. 8176(b) of the Mississippi Code of 1942 provides:

"The driver or operator of any motor vehicle must decrease speed * * * when special hazard exists with respect to pedestrians or other traffic, or by reason of weather or highway conditions, and speed shall be decreased as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements."

The evidence of its being a rainy day and of the highway surface being wet are not in this case such "special hazards" as required Wendelken to travel slower than the lawful 60 miles per hour which he and the other drivers in the vicinity were maintaining, for visibility was good and traction was good; the court did not find the 60-mile speed excessive prior to the sighting of Oldham. The defendant decreased his speed as soon as Oldham stepped onto the pavement.

When Oldham left a place of safety and without warning moved onto the pavement defendant was thrust into an emergency not of his making. He was faced with the choice of swinging to the left in front of Oldham and toward the median, or to the right behind Oldham and toward the eight-foot shoulder. The district court made no finding that after the emergency arose Wendelken acted with less than the care and prudence of a reasonable man faced with such a situation, and this court too finds no after-emergency want of care. See Majure v. Herrington, 243 Miss. 692, 139 So.2d 635 (1962); 2 Blashfield, supra § 102.29.

■ The general duties of care of every driver to keep his car under control, to drive at a reasonable speed having due regard to traffic and the use of the highway by others, to keep a lookout for others, and the absence of a right to assume that all others are obeying traffic laws, do not impose liability on this defendant —until Oldham created a situation of emergency and peril defendant was traveling at a reasonable speed, with his car under control, keeping a lookout, and had observed Oldham, and Oldham was obeying the traffic laws.

The seriously-injured plaintiff, traveling at a legal speed on his side of the four-lane, is a victim. Wendelken supplied the impact, but he too is a victim without fault.

Because of our conclusion we do not consider the issue made by appellant that the complaint claimed only negligence of defendant in losing control of his car after an intoxicated pedestrian stepped into his path, while liability was found based on negligent failure to slow or stop on first seeing the pedestrian. Nor do we reach the question whether a breach of duty to the pedestrian would be a breach of duty to those occupying cars traveling in the other two lanes of the divided four-lane highway.

Reversed with direction to enter judgment for the appellant.

HUGHES, District Judge (dissenting):

It is my opinion that the evidence is sufficient to sustain the findings of the trial court and I would affirm.

## ON PETITION FOR REHEARNG EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, Rule 25(a), subpar. (b), the Petition for Rehearing En Banc is denied.