BRADY, Justice:
This cause originated in the Circuit Court of the Second District of Jones County. The appellees, Mrs. Sylvester Smith, Norma Jean Smith and Georgia Lee Smith, filed suit against Wilbur Buckley, Jr. and T. W. McGraw, as a result of personal injuries received by appellees in a three-way collision. A verdict of $15,000 was rendered against Wilbur Buckley, Jr. and T. W. McGraw in favor of Mrs. Sylvester Smith, and Georgia Lee and Norma Jean were awarded $4,000 and $2,666 respectively. Wilbur Buckley, Jr. and his insurer paid $10,000 of the $15,000 judgment to Mrs. Sylvester Smith and obtained therefor a covenant from Mrs. Smith not to sue Buckley or his insurer.
The record discloses certain undisputed facts. On August 8, 1965, Mrs. Smith and her two daughters, Norma Jean and Georgia Lee, were proceeding in the southbound lane of U. S. Highway 98 toward *901 the Gulf Coast. They had reached a point approximately one and a half miles southeast of Beaumont, Mississippi. Immediately preceding Mrs. Smith was a car driven by Mr. Alton Eubanks. Following Mrs. Smith was a car driven by Mr. Kenneth Dossett. Mr. Eubanks was traveling approximately sixty miles per hour. Mrs. Smith was traveling between forty and forty-five, and the Dossett automobile also was traveling about forty to forty-five miles per hour.
The collision occurred in a pronounced curve. The curve is banked so that it slopes from the east to the west. The road is a usual blacktop road of customary width. At the point of impact there was a shoulder forty-one steps wide and seventy-one steps long on the east side of the road. This shoulder increased in width on the northeast end. It had been raining and though the rain had stopped, the road was wet at the time of the collisions.
.In the northbound lane Mr. Wilbur Buckley, Jr. was driving toward Beaumont. He was being followed by Mr: T. W. McGraw. Both Mr. McGraw and Mr. Buckley testified that the McGraw car was approximately ISO feet behind the Buckley car. Buckley was pulling a fourteen foot aluminum boat. The boat was loaded with a lawnmower, yard tools and an outboard motor.
The disputed facts as reflected in the record are as follows. Mrs. Smith testified that as she approached the point of collision she saw only the Buckley car. She said the trailer was swaying across the center line. She testified specifically that just before the Buckley car reached her it crossed over the center line and into her lane; that Buckley struck her car and it spun around. When her car came to rest the front of it was in the northbound lane.
Mrs. Smith remembered that following this collision she experienced pain in her left arm. She stated she then saw the Mc-Graw car approaching her. She estimated its speed at sixty to sixty-five miles per hour. After the collision with the McGraw car she was knocked unconscious. Georgia Lee corroborated her mother’s testimony. She testified also that her mother was traveling slowly. This is sharply contradicted by Buckley’s testimony. He said that Mrs. Smith apparently attempted to slow down when the Eubanks automobile executed a left turn from the southbound lane; that she skidded into his lane. Mr. Dossett corroborated Buckley’s testimony. Mr. McGraw finally concluded that the collision occurred in the east or northbound lane of the highway and that Mrs. Smith’s car was in that lane when the collision occurred. Buckley and McGraw both said they were traveling between forty and fifty miles per hour.
Mrs. Smith sustained serious injuries. . Her daughters also sustained injuries which do not appear to be permanent. On the oral argument the attorney representing Mr. McGraw conceded that the verdicts were not unreasonable in amounts and no contention is made in regard thereto. Therefore, there is no need to outline the injuries here.
Numerous pictures were introduced by Patrolman M. W. Weathers. They clearly reveal that the Smith, Buckley and Mc-Graw cars sustained terrific impacts and the damages as reflected on the Buckley and McGraw cars are extensive and most graphic.
Mr. Eubanks testified he reduced his speed from sixty to about thirty miles per hour. After waiting for the Buckley and McGraw cars to pass, he executed a left turn across the highway. He had gone approximately ten to fifteen feet east of the northbound lane when he heard the collision. He estimated it occurred approximately fifty yards north of him. It is significant that in describing the collisions of the Buckley and McGraw automobiles with the Smith automobile he stated he heard two collisions which were very close together, or, as he put it, just “blam, blam.” Mr. Eubanks declined to estimate the dis *902 tance that the McGraw car was behind the Buckley automobile but stated that it was a "reasonable distance.”
Any additional facts which have not been presented will be discussed in the consideration of the issue here. There is basically but one issue, which is: Did the court err in refusing to grant T. W. McGraw a directed verdict in this case? Motion for peremptory instruction was made at the conclusion of appellees’ case. It was subsequently made after appellant offered added proof and both sides had rested. It was raised also subsequent to the verdict of the jury by the appellant McGraw in his motion for a judgment notwithstanding the verdict. This is the narrow issue before this Court, as was admitted in the oral argument of this cause.
There are four grounds upon which the negligence of McGraw is predicated, not only in the declaration of appellees, but also in their proof. These four grounds are:
1. That appellant McGraw was traveling immediately prior to and at the time of the collision, at an excessive speed under the existing conditions.
2. That he was following Buckley’s car too closely.
3. That he did not have his vehicle under control.
4. That he was not keeping a proper lookout.
Insofar as excessive speed is concerned, it is to be remembered that Mr. McGraw testified that he had been following the Buckley car for two and a half to three miles, staying approximately one hundred ' fifty feet behind it. The record shows that after the Buckley and Smith cars sideswiped, the Buckley car continued up the road a distance of two hundred feet and collided head on with Dossett. The damage done to the Dossett car indicates that it was struck with considerable force and that the Buckley car was still traveling with considerable speed. Mrs. Smith testified and was corroborated by her daughter, Georgia Lee, that the McGraw car was traveling between sixty and sixty-five miles per hour immediately before it collided headon with her car. Although Mr. McGraw testified that he was driving between forty and fifty miles per hour and maintaining a distance of one hundred fifty feet behind the Buckley car, he nevertheless admitted on cross-examination that he “had caught up with the car.” The record is not clear whether he was talking about the Smith car, which is indicated, or whether he had caught up with the Buckley car which he had been trailing. If he had caught up with the Buckley car the jury could have assumed that he had increased his speed instead of maintaining the hundred fifty foot distance behind the Buckley car.
The testimony of Mr. Eubanks, illustrated by his choice of words as “blam, blam,” could properly have indicated to the jury that there were but a very few seconds between the time of these two collisions. Speed also is indicated by the pictures of the McGraw car. In addition to the destruction of the front of the car, the picture discloses that McGraw was propelled over the steering wheel and his head went through the windshield. The McGraw car traveled twelve feet from the Smith car after the collision.
In determining whether or not McGraw was following too closely, we have his statement that he had caught up with the car. It is interesting to note that appellant McGraw consistently endeavored to avoid answering the question of how far he was from the Smith car when he first saw it. The proof shows that he never saw the Smith car until, as he stated, “I saw that car as they compacted.” He was speaking of the collision between the Smith and Buckley cars. Mr. Dossett testified that looking south he could see all of the cars involved in these accidents and there is no reason for the jury not to *903 believe that had Mr. McGraw been looking he, too, could have seen all the cars.
It is evident from his testimony that appellant McGraw asiduously avoided answering the question of whether or not he was so close to the Smith automobile at the time it collided with the Buckley automobile that he could not avoid striking Mrs. Smith’s car. He did concede, however, that under the circumstances he could not have avoided striking the Smith car. We cannot say that the jury was not justified in finding that he was traveling too closely behind the Buckley automobile to avoid the collision if they so found.
We think that the facts, without reciting any further detail, clearly show that he did not have his vehicle under proper control; neither was he keeping a proper lookout, because he stated he did not see the Smith car before it had collided with the Buckley car. The record further shows that he was traveling at such speed on the wet asphalt pavement and in a curve as to justify the jury in finding him negligent.
Mississippi Code 1942 Annotated section 8176 (1956) requires that persons driving automobiles should reduce their speed when approaching and going around a curve. There is no proof that appellant McGraw did this. The legal issue presented in this case is controlled by the decisions in the following cases: McCorkle v. United Gas Pipe Line Company, 253 Miss. 169, 175 So.2d 480 (1965) and cases cited therein.
The basic rule which this Court has consistently followed is that when a motion for a peremptory instruction or a directed verdict is made, the Court is required to assume as true all testimony offered in behalf of the opposition and any reasonable inferences therefrom; and if from both of these the evidence is insufficient, then a directed verdict may be given. Otherwise, it is for the jury to decide the conflicting facts relating to the liability of the parties concerned. We feel that there were sufficient facts to permit the trial judge to submit the issues of fact under the proper instructions of law for consideration by the jury, and the jury was likewise justified in rendering the verdicts which it did. Phillips v. Dow Chemical Co., 247 Miss. 293, 151 So.2d 199 (1963); Majure v. Herrington, 243 Miss. 692, 139 So.2d 635 (1962).
For all of these reasons, the judgment of the lower court is affirmed. In affirming the judgment of the trial court we call attention to the fact that Mississippi Code 1942 Annotated section 335.5 (1956) requires an equal distribution between the two joint tort feasors, taking into consideration the fact that Mr. Buckley has already paid $10,000 of the $15,000 judgment accorded Mrs. Smith, and that all judgments must be equally apportioned between Wilbur Buckley, Jr. and T. W. McGraw.
Affirmed.
GILLESPIE, P. J., and RODGERS, JONES and SMITH, JJ., concur.