JONES, Justice.
Mrs. Chyrel Runnels, a minor, and her daughter, Rhonda Lynn Runnels, a minor, by next friend, sued in the Circuit Court of Simpson County, Capitol Tobacco .& Specialty Company, Inc., James R. Williams, and George Robinson, under the wrongful death statute for the death of Roy (Jimmy) Runnels, Jr., alleging that his death was caused by the negligence of James R. Williams, agent and employee of Capitol Tobacco & Specialty Company, Inc., and the defendant George Robinson, in an automobile collision. Robert C. Runnels, a minor, by next friend, sued the same parties for personal injuries received in the same collision. The two cases were consolidated and tried in the said circuit court where judgments were rendered for each of the plaintiffs against the defendants, except George Robinson, for whom the jury found.
After the cases had been appealed here, James R. Williams died, and the case was revived as to him in the name of his ad-ministratrix, Ruth May.
We reverse and enter judgment here for the appellants, there being no cross-appeal as to the said Robinson.
The tragedy occurred March 30, 1967, on ,U.S. Highway 49. The facts were undisputed, the plaintiffs only introducing one witness as to the actual occurrence; that witness being the plaintiff, Robert C. Runnels.
On the date aforesaid about 3:10 p. m., Robert C. Runnels, George Robinson, and Jimmy Runnels, left the house where Jimmy Runnels lived, on Old Highway 49 south of Mendenhall, for the purpose of visiting at a residence a few miles south of Braxton. They traveled north on new *704 Highway 49 which is an interstate highway consisting of four lanes, two on the east side to accommodate cars traveling north, and two on the west side, for cars traveling south, with a median estimated to be approximately thirty-feet wide, between said liens. At the place where the accident occurred, the median slopes into a ditch between the lanes. Here, the bottom of the median is several feet below the surface of the road.
As these three young men traveled north in the northbound lane of said U. S. Highway 49, they came to a crossover, where they would turn left, and, after crossing the southbound lanes of the interstate highway, would be on the road leading to their proposed destination.
On this occasion, they did turn left at said point, but when the car was across the southbound lanes of U. S. Highway 49, the motor died. Rather than pushing the car on westwardly across said southbound lanes into the road leading to Braxton, the young men decided they would push it north in the southbound lane, which had an incline downward, and thereby start the motor. Robinson was driving, and the other two boys pushed. When the motor started, the two pushing got into the car; the witness, Robert C. Runnels, sitting in the middle on the front seat between Robinson, and his brother, Jimmy. As they were traveling north on said southbound lane, the defendant Robinson, for some unknown reason, instead of continuing north to a paved crossover, only a few yards from where the car was, turned his vehicle to the northeast, traveling down the incline on the west side of the median. As the car was crossing the median, it was traveling at a speed estimated at ten miles per hour. When they were descending the west side of the median, Robert C. Runnels, in the center of the front seat, looked back and saw appellants’ car traveling north, at what he said was a high rate of speed. However, we deem it unnecessary to discuss the speed, because, under the circumstances of this case, the speed of appellants’ car could not have been a proximate or contributing cause to the accident.
The witness, Robert C. Runnels, stated he was expecting Robinson to stop, but as to the actual happening of the accident, in response to a question from his attorney, said:
A. Well, we cut off the highway and when we was going down toward the center of the median I glanced up the highway and saw a car coming and went on up, we was going up the other side, it was spinning, and it hit the pavement and grabbed, got onto the hard pavement and kindly (sic) jumped and this car— well, it was coming on this inside lane, it was coming down the hill and it was running bound to have been going past the speed limit anyway * * *. (Emphasis added.)
The plaintiffs were riding in a Chevrolet Corvair, and another time, the plaintiffs’ witness stated:
A. Well, the car, the Corvair was coming out of the — off the median, well, it was spinning, you know it was damp and it was spinning and it come up and hit the hard pavement and it grabbed and it jumped. It got about halfway on the highway. That’s all I remember.
Every time the witness told of the accident, he repeated that the wheels of the car in which he was riding were spinning as they started up toward the north lane, and that it “grabbed” and “jumped” into the lane in which appellants’ car was traveling. On cross-examination, he was questioned by appellees’ attorney, and responded as follows:
Q. When he gets in this automobile, Bobby, based on your decision to push it the wrong way, and drives down the road with no reason at all with a paved crossover a few yards from where he started across the grass, jerks his car across the grass, hits the other side, *705 shoots out or jumps out into the path of another car. Is that the way it happened ?
A. Yes, sir.
There was no dispute as to the facts as recited and as in the question and answer above. As we view it, regardless of the speed of appellants’ car, it was not a proximate contributing cause to the injury, but at most, created a condition, or put appellants’ car in a position, where the accident could occur.
It is argued that the driver of appellants’ car should have anticipated that something would happen. We certainly conceive that the sudden “jump” of the car was an unusual or extraordinary occurrence. Ordinary care of a reasonably prudent person does not demand that he should provide for, or anticipate such an occurrence.
In Burnside v. Gulf Refining Company, 166 Miss. 460, 148 So. 219 (1933), this Court quoted with approval the following statement from Illinois Central R. R. Co. v. Bloodworth, 166 Miss. 602, 145 So. 333 (1933):
“Precaution is a duty only so far as there is reason for apprehension. Ordinary care of a reasonably prudent man does not demand that a person should prevision or anticipate an unusual, improbable, or extraordinary occurrence, though such happening is within the range of possibilities. * * * Probability arises in the law of negligence when viewed from the standpoint of the judgment of a reasonably prudent man, as a reasonable thing to be expected. Remote possibilities do not constitute negligence from the judicial standpoint.” 166 Miss, at 470, 148 So. at 221.
This doctrine was also announced in Jabron v. State, 172 Miss. 135, 140, 159 So. 406, 407 (1935) in which case the opinion written by Judge Griffith says:
Laying aside the matter of culpability, and dealing with the lesser and simpler issue of negligence alone, it is elemental that, in order that a wrongdoer may be held liable, even in a civil action, for negligence, it is necessary to show that the injury complained of was the natural and probable result of the negligence; and as was more fully stated in Williams v. Lumpkin, 169 Miss. 146, 152, 152 So. 842, 844: “Actionable fault on the part of a defendant must be predicated on action or nonaction accompanied by knowledge actual or implied of the facts which make the result of his conduct not only a probable result but a result also which he should, in view of these facts, have reasonably anticipated.” That a particular result was a possible result does not establish a case, either civil or criminal, as we have repeatedly held.
Also, no matter what speed appellants’ car was traveling, in view of the situation here, that the car in which the deceased and injured parties were riding, according to all the evidence, suddenly “jumped” onto the northbound lane, such speed, whether it was excessive or not, merely furnished the condition or occasion upon which the injuries were received. It did not put in motion the agency by, or through which, injuries were inflicted, and is, therefore, not a proximate cause of the action.
We quote from Saucier v. Walker, 203 So.2d 299, 304 (Miss.1967):
This Court has consistently held since 1882 that where there is an independent, intervening cause which is the sole proximate cause of the accident, the negligence, if any, of the first actor is remote and non-actionable. See Marqueze et al. v. Sontheimer, 59 Miss. 430 (1882); Louisville & N. Railroad Co. v. Daniels, 135 Miss. 33, 99 So. 434, 34 A.L.R. 516 (1924); Ozen v. Sperier et al., 150 Miss. 458, 117 So. 117 (1928), and Bufkin v. Louisville & N. Railroad Co., 161 Miss. 594, 137 So. 157 (1931).
One of the best reasoned cases on this point is the case of Mississippi City *706 Lines, Inc. v. Bullock et al., 194 Miss. 630, 13 So.2d 34, 145 A.L.R. 1199 (1943). In that case, Justice Griffith speaking for the Court said:
“Although it was proved, as stated, that the position in which the bus stood was violative of Section 90, Chap. 200, Laws 1938, as construed in the recent case, Teche Lines, Inc., v. Danforth, [195] Miss., [226] 12 So.2d 784, not yet reported [in State reports], we are of the opinion that this was not the proximate cause of .the injury, and we shall reach and dispose of the other contentions during .the further course of this opinion.
“Although one may be negligent, yet if another, acting independently and voluntarily, puts in motion another and intervening cause which efficiently thence leads in unbroken sequence to the injury, the latter is the proximate cause and the original negligence is relegated to the position of a remote and, therefore, a non-actionable cause. Negligence which merely furnished the condition or occasion upon which injuries are received, but does not put in motion the agency by or through which the injuries are inflicted, is not the proximate cause thereof.” . 194 Miss, at 639, 13 So.2d at 36.
See also Peel v. Gulf Transport Co., 252 Miss. 797, 174 So.2d 377 (1965), Syllabi 1 and 2, Mississippi Reports; E. I. Du Pont De Nemours & Co. v. Ladner, 221 Miss. 378, 73 So.2d 249 (1954); Tombigbee Elec. Power Ass’n v. Gandy, 216 Miss. 444, 62 So.2d 567 (1953).
For the reasons stated, we reverse this case and enter judgment here for appellants.
Reversed and judgment here for appellants.
GILLESPIE, P. J., and PATTERSON, INZER, and ROBERTSON, JJ., concur.