ROBERTSON, Justice:
Thelma Graves, individually, and as mother and next friend of Abelene Graves, minor, brought suit for damages in the Circuit Court of the First Judicial District of Hinds County, Mississippi, against James McDonald, the driver, and Hart’s Bakery, Inc., the owner, of a tractor-trailer unit, for the death of her 19-year old son, Robert L. Graves, who was killed when his car ran into the tractor-trailer of the defendants. The jury returned a verdict for the defendants, and the appellants thereupon perfected their appeal to this Court.
There were four assignments of error. The only one that merits discussion is the one contending that the giving of the “sud *674 den emergency” instruction to the appellees constituted reversible error.
Robert Graves had finished his work at MPI Industries about 11:00 P.M. on August 16, 1968. About 4:00 A.M. on August 17, he was driving his 1965 Mustang in a southerly direction on two-lane U.S. Highway 49, about a mile north of Florence, Mississippi.
Appellee McDonald had delivered a load of bread to New Orleans, Louisiana, and was returning to Jackson on U.S. Highway 49. McDonald, called as an adverse witness by the appellants, testified:
“When he [Graves] pulled out the first time, behind the car. He cut back in and come back out and come back in again two or three times. He was on my side of the road and I thought he was off the blacktop with his lefthand wheel. There’s two gravel roads there. I first thought he was going to turn off. He just kept coming in my lane and I seen I had to do something. He kept coming. He got pretty close. I just turned over in my left lane trying to miss him. He hit on the right hand side.”
Curtis L. Welborn, the driver of the car that Graves passed shortly before the collision with the tractor-trailer of the appel-lees, called as a witness by the appellees, testified that after Graves passed his car that he weaved back and forth over the center line of the highway, and that he finally ended up in the northbound lane of Highway 49, and drove in that lane until the collision with the truck of the appel-lees.
Thelma J. Welborn, riding with her husband on the front seat of their car, testified:
“Graves got in the wrong lane completely. And so — well, he just stayed in there that time. After he got completely in there he stayed in there in the wrong lane. Well, before they met I saw something was going to happen so I either closed my eyes or I looked off. I can’t tell which. I just — I knew something was going to happen.”
McDonald explained that after he had attempted to cut over into the left lane to avoid the Graves’ Mustang, that Graves at the last minute attempted to turn back into the southbound lane and ran head-on into the right front of the tractor-trailer.
McDonald and the Welborns were the only eye witnesses, Graves having been instantly killed and being alone in his car at the time.
The testimony is thus undisputed and un-contradicted as to how the accident happened, and in our judgment demonstrates clearly that appellee McDonald was confronted with a sudden emergency not of his own making, and was called upon to take quick action in a highly hazardous and dangerous situation.
The standard of care required of a driver thus faced with a sudden emergency, not of his own creation, was well stated by this Court in Majure v. Herrington, 243 Miss. 692, 139 So.2d 635 (1962) :
“The rule is well settled that, Where the operator of a motor vehicle is by a sudden emergency, not caused in whole or in part by him, placed in a position of imminent peril to himself or to another, without sufficient time in which to determine with certainty the best course to pursue, he is not held to the same coolness, accuracy of judgment, or degree of care as is required of him under ordinary circumstances, or of one having ample opportunity for the full exercise of judgment, and is not liable for injuries caused by his vehicle if an accident occurs, provided he exercises ordinary or reasonable care or prudence, considering the stress of circumstances, to avoid an accident, * * *’ 60 C.J.S. Motor Vehicles § 257a, pp. 624, 625. See also Vann v. Tankersly, 164 Miss. 748, 145 So. 642; Phillips v. Delta Motor Lines Inc., 235 Miss. 1, 108 So.2d 409; Moore v. Taggart, 233 Miss. 389, 102 So.2d 333; Fink v. East Miss. *675 Electric Power Ass’n., 234 Miss. 221, 105 So.2d 548.” 243 Miss, at 699, 139 So.2d at 638. (Emphasis added).
We think that the trial judge was justified in granting the “sudden emergency” instruction complained of by the appellants. It was a question for the jury to decide under proper instructions from the court.
The jury was correctly instructed as to the applicable principles of law and its verdict is fully supported by ■ the undisputed and uncontradicted testimony of the three eye witnesses.
It follows that the judgment of the trial court based on the jury verdict must be affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, BRADY and INZER, JJ., concur.