292 So.2d 155 (1974)
Robert K. SHIDELER, Administrator of the Estate of Jana Lee Shideler, Deceased
v.
Joe W. TAYLOR, Administrator of the Estate of Clinton Luther, Deceased, and Forrest R. Tuttle, Administrator of the Estate of Michael L. Stowe, Deceased.
No. 47457.
Supreme Court of Mississippi.
March 25, 1974.
McClure, McClure & May, Sardis, for appellant.
Mitchell, McNutt & Bush, Wade H. Lagrone, L.F. Sams, Jr., Tupelo, for appellees.
RODGERS, Presiding Justice.
This is a personal injury action growing out of an automobile accident. The appellant was the plaintiff in the Circuit Court of Panola County, Mississippi, in a suit brought against the estates of the deceased drivers of two colliding automobiles, Clinton Luther and Michael L. Stowe. The jury returned a verdict in favor of the appellant in the sum of one hundred thousand *156 dollars ($100,000.00), but upon the motion of the administrator of the estate of Michael L. Stowe, the trial court entered a judgment in favor of the defendant Stowe estate.
This is what occurred: Jana Lee Shideler and Michael L. Stowe were "having a date". They were two unmarried young people who had been seeing each other for about two years and were friendly, though not engaged. Jana Lee was twenty (20) years of age and was a student at the University of Mississippi. Michael was a young man whose age is not shown. He was said to be a very nice young person. These two young people went to a movie in Memphis, Tennessee, and were traveling south on U.S. Interstate Highway 55 along about midnight on June 30, 1971. The night was dark. It had been raining, and there was testimony that there was drizzling rain a short time after the accident. They were driving about sixty-five (65) or seventy (70) miles per hour. The accident occurred when they reached a point on the interstate highway about one and one-half (1 1/2) miles north of Como, Mississippi. Two automobiles were following behind the vehicle driven by Michael L. Stowe. The nearest of these automobiles was driven by some unidentified person from Hinds County, Mississippi. The other car was driven by Clartis Mitchell who was following at about two hundred (200) yards' distance behind Stowe.
U.S. Interstate Highway 55 at the point of the accident is divided into two double lanes for highway traffic, with a grassy median between them sixty (60) feet wide. South of the area of the accident both double lanes cross bridges. At the time of the accident, Stowe was driving on the east side of the west double traffic lane.
As Stowe approached from the north, Clinton Luther crossed the bridge on the east double lane of U.S. Interstate Highway 55, going north. He was driving "pretty fast" (seventy or better) and for some unexplained reason, his automobile left the east double lane and crossed the median strip between the two double lanes of traffic and turned north on the southbound east lane of the west double highway, meeting Stowe as he drove his automobile south. The two automobiles collided somewhere in the east lane of the west southbound strip of pavement. The two cars made contact "driver to driver", or left side to left side. Both drivers were killed instantly. Miss Shideler received compound fractures and serious internal bruises. She was taken to a Memphis hospital where she later died.
The suit for the wrongful death of Miss Shideler against the estate of Clinton Luther was not contested, and judgment was entered against his estate. The suit against the estate of Michael L. Stowe is based upon the theory that he was negligent in not avoiding, or attempting to avoid, the accident. It is said that he saw, or should have seen, the approaching automobile driven by Clinton Luther, and it was his duty to take some action to avoid the collision; and that having failed to do so, he contributed to the injury and death of Miss Shideler, for which his estate is liable in damages.
We agree with appellant's contention that as a general rule of law  in this state and most of the other states  it is the duty of a driver of an automobile to keep a reasonable lookout in the direction in which he is going for obstructions in the highway, for other vehicles, and for pedestrians. 60A C.J.S. Motor Vehicles § 284(1), at 141 (1969).[1]
It is his duty to see that which is in plain view, open, and apparent; to take notice of an obvious danger; and to be on *157 the alert so as to avoid a collision with objects, vehicles, and others using the highway. Moreover, it is the duty of the driver of an automobile to take reasonably proper steps to avoid an accident or injury to persons and property after having knowledge of the danger.[2]
If one fails to keep a proper lookout as a reasonable and prudent automobile driver, he is negligent. If his negligence causes or contributes to the injury of person or property, he is liable in damages.[3]
This, then, is the general rule, but there are certain considerations that may be important in determining liability of one who is charged with negligence because of failure to observe a danger which results in injury. In the first place, an automobile driver is not an insurer of persons injured in an accident occurring while he is driving his automobile. It is only when he is negligent  in failing to perform some duty required of him by law or custom and his negligence causes or contributes to the injury of persons or property  that he becomes liable in damages to the injured person.
In the next place, one who is confronted with a sudden emergency and imminent peril, not of his own making, is only required to exercise ordinary care under the stress of the surrounding circumstances to avoid an accident, and where he does not have sufficient time in which to determine with certainty the best course to pursue, he is not held to the same coolness of judgment or degree of care as is required of one having ample opportunity for full exercise of judgment. 60A C.J.S. Motor Vehicles § 257, at 66 (1969).[4]
After a careful examination of the testimony and study of the record in the instant case, we cannot say that the trial judge was incorrect in granting a judgment in favor of the estate of Michael L. Stowe for the following reasons.
The facts in the instant case are similar to the facts developed in Capitol Tobacco & Specialty Company v. Runnels, 221 So.2d 703 (Miss. 1969). In that case three young men were in an automobile en route from Mendenhall to Braxton, Mississippi. They were traveling on U.S. Interstate Highway 49, which is a four-lane highway. Two lanes of the highway are for northbound traffic and two lanes are for southbound traffic. These lanes are separated by a median space thirty (30) feet wide. The travelers came to a crossover from the east northbound double traffic lane to the west southbound double traffic lane. Just as they crossed to their left over to the east lane, their vehicle's "motor died". They turned their car, a Chevrolet Corvair, downhill going north on the southbound double lane pavement. The automobile motor began to operate and instead of going to a crossover a short distance north, they turned into and crossed the median. Their wheels were spinning in the grass until they reached the east lane of pavement when it is said their wheels caught and the car "jumped out" into the path of another automobile, causing the death of one of the occupants of the crossing Chevrolet automobile.
In the Capitol case, supra, it was contended [as it is here] that the driver of the car belonging to Capitol Tobacco & Specialty Company should have anticipated that something would happen. The accident occurred at 3:30 P.M. We said, however, that "ordinary care of a reasonably prudent person does not demand that he should provide for, or anticipate such an occurrence." [221 So.2d at 705] Although *158 we think this case does not entirely answer all the issues in the instant case, because in Capitol it is said that the automobile crossing the median "jumped" into the path of the oncoming automobile driven by the agent of the defendant Capitol Tobacco & Specialty Company, still, in that case, as in the instant case, the driver of the automobile going down the highway obviously had no time to react to the sudden peril confronting him.
The evidence in this case is not sufficient to show that Michael L. Stowe was negligent or in any manner contributed to the accident and to the death of Jana Lee Shideler.
Mr. Clartis Mitchell, one of the drivers of the two automobiles following behind Mr. Stowe's automobile at the time of the accident, testified that he did not see any brake lights appear on the automobile driven by Mr. Stowe. He further testified as follows:
"Q. Could you tell us whether or not you saw anything to indicate that the Stowe automobile was turning or attempting to turn?
A. No sir, I couldn't figure out what was wrong. He didn't turn or do anything. It just seemed like he hit him."
Mr. Mitchell said that when he first saw the lights of the Clinton Luther automobile, it was about the middle of the median. He said the automobile was traveling "pretty fast, about seventy or better." He said that from the time he first saw the Luther automobile until the collision was about "three or four seconds." He was then asked several questions as to whether or not he [the witness] could have turned into the west lane had he been driving in the same position as Michael Stowe was driving at the time of the accident. He was also asked if, in his opinion, he would have had time to turn into the right lane. Objection was sustained to this line of questions. He was then asked the following question and gave the following answer:
"Q. It's not what Mr. Stowe could have done. We know that we can't speak for him. In your opinion do you feel that you could have turned into the other lane from the time you saw the oncoming vehicle until the point of collision?
A. I believe, if I had saw it from where I was, if I had been, you know, where the accident was, I believe that I could have. It's hard to say, but I believe I could have swerved into the right lane. I might not have missed the accident completely, but I do believe I could have missed the collision that he had. It's just like he said, there is no way that I could put myself in his place, but I believe that I could have swerved to the right lane." (Emphasis added).
The witness's testimony is that he might have had a collision, but, nevertheless, he felt he could have avoided the gravity of the injury that occurred. This testimony amounts to no more than speculation and assumption, and is a conclusion of the witness from insufficient facts. Alabama Power Co. v. Armour Co., 207 Ala. 15, 92 So. 111 (1921); Ming v. City of Jackson, 202 Miss. 260, 31 So.2d 900 (1947); Harris v. Pounds, 185 Miss. 688, 187 So. 891 (1939); 32 C.J.S. Evidence § 448, at 79 (1964).
We are of the opinion that the foregoing testimony and the evidence from the entire record, including the time element in which the deceased Stowe had to react to unusual and extraordinary danger, were insufficient to show that Mr. Stowe was negligent in any respect in causing the accident here involved.
We affirm the judgment of the trial court in favor of the appellee administrator of the estate of Michael L. Stowe. We also affirm the judgment of the trial court *159 in favor of Robert K. Shideler, Administrator of the Estate of Jana Lee Shideler, against Joe W. Taylor, Administrator of the Estate of Clinton Luther, Deceased.
Affirmed.
PATTERSON, INZER, ROBERTSON and BROOM, JJ., concur.
NOTES
[1] Stewart v. White, 220 So.2d 271 (Miss. 1969); Williams v. Moses, 234 Miss. 453, 106 So.2d 45 (1958); Reed v. Eubanks, 232 Miss. 27, 98 So.2d 132 (1957); Sohio Petroleum Company v. Fowler, 231 Miss. 72, 94 So.2d 350 (1957); Graves v. Johnson, 179 Miss. 465, 176 So. 256 (1937); Rhodes v. Fullilove, 161 Miss. 41, 134 So. 840 (1931); Porter v. Nesmith, 124 Miss. 517, 87 So. 5 (1920).
[2] Fowler Butane Gas Company v. Varner, 244 Miss. 130, 141 So.2d 226 (1962); Belk v. Rosamond, 213 Miss. 633, 57 So.2d 461 (1952); Graves v. Johnson, 179 Miss. 465, 176 So. 256 (1937).
[3] See Footnote 1.
[4] Majure v. Herrington, 243 Miss. 692, 139 So.2d 635 (1962); Phillips v. Delta Motor Lines, Inc., 235 Miss. 1, 108 So.2d 409 (1959); Moore v. Taggart, 233 Miss. 389, 102 So.2d 333 (1958); Vann v. Tankersly, 164 Miss. 748, 145 So. 642 (1933).