BRIDGES, P.J.,
for the Court.
¶ 1. Gary Albright brought a personal injury action against the Delta Regional Medical Center (DRMC). Albright alleged that DRMC’s employee was negligent in operating an ambulance, ran over his foot and caused him to suffer damages. The Washington County Circuit Court found for DRMC. Aggrieved, Albright appeals and asserts the following issues, slightly altered for clarity:
I. UNDER MISSISSIPPI LAW, [THE DEFENDANT] HAD A PARAMOUNT DUTY TO CONTROL HER VEHICLE AND TO AVOID STRIKING MR. ALBRIGHT.
II. THE APPLICATION OF BINDING PRECEDENT ESTABLISHES THAT THE DEFENDANT IS NEGLIGENT AS A MATTER OF LAW.
III. THE DEFENDANT WAS NEGLIGENT IN HER SELECTION OF A ROUTE THROUGH AN AREA CROWDED WITH PEDESTRIANS.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On June 2, 1996, the Greenville Raceway held a series of drag races for charity. As a precautionary measure, the race track kept an ambulance at the scene. Angela Vardaman, an employee of the Delta Regional Medical Center, operated the ambulance that night. Vardaman responded to an injury call, in which a third party was burned on the far side of the track. To reach the burn victim, Varda-man drove the ambulance through the drag race starting gates, a crowded area. Though the exact sequence of events is in dispute, Gary Albright was injured when Vardaman ran over his foot as she exited the staging area at a speed of between two and three miles per hour.
¶ 4. Albright filed a complaint on May 30, 1997 and alleged that Vardaman was negligent in her operation of the ambulance. Albright named DRMC, Varda-man’s employer, as the defendant to the action, brought under the Mississippi Tort Claims Act.
¶ 5. Trial before the Washington County Circuit Court, sitting without a jury, took place on March 26 and 27, 2001. The trial judge issued a judgment for DRMC on November 15, 2001. Albright filed a motion to reconsider, but the trial court denied that motion. Albright filed his notice of appeal on September 27, 2002.
ANALYSIS
¶ 6. In bench trials, a circuit judge is subject to the same standard of review as that of a chancellor. DePriest v. Barber, 798 So.2d 456, 459(¶ 10) (Miss.2001) (quoting Sweet Home Water & Sewer Ass’n v. Lexington Estates Ltd., 613 So.2d 864, 872 (Miss.1993)). Therefore, the circuit judge’s decision will not be disturbed as long as substantial, credible, and reasonable evidence exists to support the ruling. Id. (quoting Allied Steel Corp. v. Cooper, 607 So.2d 113, 119 (Miss.1992)). On appeal, we will not disturb a lower court’s findings unless they are clearly erroneous. Murphree v. W.W. Transp., 797 So.2d 268, 272(¶) (Miss.Ct.App.2001).
I. DID THE DEFENDANT HAVE A PARAMOUNT DUTY TO AVOID STRIKING MR. ALBRIGHT?
¶ 7. Albright contends that the driver of an automobile has a paramount duty to keep a lookout for and to avoid striking pedestrians. We disagree. Rather, the driver of an automobile has a duty to keep a reasonable lookout for obstructions, other vehicles and pedestrians. Shi- *899 deler v. Taylor, 292 So.2d 155, 156 (Miss.1974). While it is true that a driver owes pedestrians a duty, that duty is not paramount to the duty owed to others. Where, as here, one operates an automobile on private property, the driver must always exercise ordinary, reasonable or due care toward others. Fowler Butane Gas Co. v. Varner, 244 Miss. 130, 141 So.2d 226, 230 (1962). There is no basis for holding one duty paramount to another.
¶ 8. The trial court echoed that standard in the trial court opinion when the court stated that Vardaman owed Al-bright a duty of reasonable or ordinary care under the circumstances then and there existing. Further, once Vardaman chose to travel through the staging lane, she had a duty to maintain proper control of her vehicle and to exercise reasonable care to avoid causing injury in the process. The trial court referenced the correct standard in that opinion. That being stated, we can find no error in the trial court’s decision not to hold the duty Vardaman owed to Albright as a pedestrian paramount above that duty owed to anyone else.
II. WAS DRMC NEGLIGENT AS A MATTER OF LAW?
¶ 9. Albright claims that Vardaman was negligent as a matter of law. Albright alleges that Vardaman saw Albright yet still proceeded forward and ran over his foot. Further, that because Vardaman saw Albright and subsequently ran over his foot, Vardaman is negligent as a matter of law. However, Albright cites no precedent or authority demonstrating that a driver who behaves in such a manner is held negligent as a matter of law. As such, this issue is procedurally barred and we will not consider it. Miss. R.App. P. 28(a)(6); Read v. Southern Pine Elec. Power Ass’n, 515 So.2d 916 (Miss.1987).
III. WAS VARDAMAN NEGLIGENT IN HER SELECTION OF A ROUTE THROUGH AN AREA CROWDED WITH PEDESTRIANS?
¶ 10. Albright argues that Varda-man was negligent because Vardaman chose a route that ultimately led her to navigate through a crowd instead of taking an alternative route to the emergency scene. Albright concludes that if Varda-man would not have taken the route through the gates, she would not have run over his foot. However, Albright does not cite precedent that indicates that a driver owes a duty to choose a safer or less dangerous route. As such, we will not consider this issue. Id.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.